JAMES G. MOORE v. COMM'RS OF ALAMANCE COUNTY.

Tickets given out by Clerks of Superior Courts in State cases, are only evidence that the witnesses attended; and until the Judge by whom the case was disposed of shall pass upon the costs, including witness fees, and declare how, when and by whom such costs shall be paid, the County Commissioners cannot know their liability, and are not responsible therefor.

CIVIL ACTION, to recover certain witness tickets, tried before *Tourgee, J.*, at the Fall Term, 1873, of the Superior Court of ALAMANCE County.

The plaintiff, as assignee, sues the defendants for $454.40, the amount of certain witness tickets, issued, some by the Clerk of this Court and others by the Clerk of Alamance Superior Court, alleging that the defendants as Commissioners of Alamance County are responsible therefor.

The defendants demur to the complaint:

1. That it does not allege that the Judge of the Superior Court, before whom the cases were tried, in which the pretended witness tickets are charged for attendance before Hon. R. M. Pearson and others sitting as committing magistrates, has decided that the cost should be paid by the prosecutor, the

county or the State, as is required by law. Said costs being in the discretion of the said Judge, and either to be taxed or not, as he may direct.

2. That it does not allege and show, that the said witnesses had received any proper tickets for their attendance upon said examination, which could be a charge upon the county, or any other person.

3. That there is no existing law under which the defendants can audit and order the payment of such witness tickets, as are charged in the complaint for attendance upon the preliminary examination before Hon. R. M. PEARSON or others.

4. That the complaint does not allege, that either the tickets charged for attendance upon the examination or before the grand jury at the Court, were ever charged in any bill of costs made out by the Clerk of the Superior Court of Alamance County, under an order of said Court; nor that any such bill of costs was ever presented to them; nor that any order of the Judge was ever made taxing the costs in any of the alleged cases, in which the defendants were discharged, and directing them to be paid by the county of Alamance as required by law.

His Honor overruled the demurrer, and gave the plaintiff judgment, from which the defendants appealed.

*W. A.* and *J. A. & J. W. Graham,* for appellants:

1. At common law there was no compensation allowed to witnesses in criminal prosecutions. Roscoe's Crim. Ev. 121 ; 2nd Russell on Crimes 641.

2. By Statutes George 2d, 3d and 4th, remuneration was provided, first in cases of felonies and afterwards in misdemeanors, such as the cases in which the witnesses here are, alleged to have attended. These statutes never had operation in North Carolina, and the subject is regulated here by our own acts of Assembly.

3. By the early acts (see Revisal of 1820,) such claims were proved in Court, and paid out of the State Treasury; but by

act of 1819, they are directed to be paid by the county in which the prosecution was commenced. Rev. 1820, p. 1490. A similar provision is found in Rev. Stat. p. 125 and in Rev. Code, p. 151. In both of these last the costs are directed to be paid by the county in which the offence under investigation is charged to have been committed.

These acts all speak of witnesses summoned or recognized to attend "in the County and Superior Courts;" and do not by their terms apply to those who attend before magistrates on preliminary examinations; and the Revised Code 141, *supra* sec. 9, says "in case the defendant be discharged, the Court shall order the witnesses to be paid."

An order of Court would therefore appear to be necessary before payment of witnesses is made from a county treasury. And it is not perceived that by any of the legislation down to, and including the Revised Code there was provision made for payment of witnesses before an examining magistrate, or a Judge acting as such.

By the act of 1868, ch. 11, sec. 572, p. 668 : "On fees of witnesses," those attending at a term of the Court, or before the Clerk, or a referee, or upon any inquest, or examination, have an allowance of $1.50 per day, and also mileage from their place of residence to the place of examination, but the act does not settle by whom it shall be paid. But the act of the same session chap. 178, sec. 40, p. 446, " of costs and proceedings," the Judge of Alamance Superior Court, before whom the papers should have been returned, is invested with a discretionary power to determine in each case of discharge of a defendant, whether the costs should be paid by the prosecutor, the county or the State. His *allocatur* is necessary *against the county*, before the defendants are liable to action on the witness tickets in question.

He should order them to be paid by the State, the proceedings having all taken place at Raleigh, sixty miles distant from the county, because the official duties of the Judges conducting them required their presence in that city. At all events, he

must first determine among the three parties aforesaid from whom payment may be exacted, who shall bear the burden.

*Parker*, contra, submitted:

James G. Moore,             Appeal from the Superior
        *vs.*               Court of Alamance by de-
The Roard of Commisssioners    fendant.
    of Alamance County.

Plantiff sues for the recovery of $454.40 due him from the county upon various witness tickets, for the attendance of various witnesses, transferred to him before suit brought, a part of which were tickets given to witness—is by order of Chief Justice Pearson for attendance before him setting as a committing magistrate. See complaint and schedule of tickets thereto attached. Defendant demurred: Upon the issues of law judgment for plaintiff. Defendant appealed.

Plaintiff relies upon the following statutes: Chap. 31, sec. 67, Revised Code, which provides that witnesses summoned by any one authorized to require their attendance are entitled to pay, &c.

Chap. 279, sub. chap. 11, sec. 572, acts of 1868-'79, which provides that witnesses attending upon any inquest or examination shall be paid *per diem* and mileage, &c.

Chap. 28, secs. 9 and 10 Revised Code: witnesses summoned on behalf of the State, and defendant discharged, and no order for prosecutor to pay costs, then the county shall pay the costs. The Court shall order witness paid. (That evidently County Court whose place in this respect is now filled by Board of Commissioners,)

Code of Civil Procedure, secs. 560 and 561, re-enacted by chap. 179, sub. chap. 1, sec. 559, acts 1868-'69, amendatory of title 21, C. C. P.

READE, J. The complaint sets forth, that that plaintiff is assignee for value of a number of witness tickets of sundry persons, who had been summoned by the State in divers prosecu-

tions, against divers persons, for divers crimes and misdemeanors, between first day of August, 1870, and first day of July, 1872, alleged to have been committed in the county of Alamance, of which the defendants are the commissioners. The tickets are not set out, but a list is made of them, and appended and referred to. It is not set out, nor does it appear, where, or before what Court, the witnesses attended. And the inference that might not unreasonably be made that they attended the Superior Court of Alamance, is rebutted by the fact, that many of them are signed by W. H. Bagley, Clerk of the Supreme Court, and the remainder by the Clerk of Alamance Superior Court, who certifies that the witness did attend Court, and that the several indicted were acquitted, or otherwise discharged, and that the cases had terminated at the cost of the State.

It is only by inference from what is said in the demurrer, that we get at the fact that the tickets signed by W. H. Bagley, Clerk of the Supreme Court, were for attendance before the Chief Justice as examining magistrate. There is no allegation of the Court in the complaint. If it be that the Chief Justice as an examining magistrate, had these witnesses before him, and authorized Mr. Bagley to act as his Clerk, and swear the witnesses, and certify their tickets, there is no doubt about his power to do. Act 1858-'9, ch. 279, sub. ch. 11, sec. 2 ; Acts 1868-'9, ch. 188, sub. ch. 2, sec. 1 ; Rev. C. ch. 31, sec. 67 ; and the facts ought to have been alleged in the complaint in order that the Court might see that the tickets were valid.

It seems also to be necessary to the validity of the tickets, that they shall be passed upon and allowed by the Judge of the Superior Court, before whom the case is tried or disposed of, who has the discretion to impose the costs on the prosecutor, or on the county, or on the State. Acts 1868-'9, ch. 178, sub. chap. 2, sec. 40. And who would also have the power to disallow a ticket if it appeared that the witness had failed to attend until he was discharged. Rev. C., chap. 35, sec. 39. Or to prevent a witness in several cases on the same day, from

proving in more than one case. Acts 1871.'2, ch 186, sec. 3. And to see that only half fees are charged where the county has to pay. Acts 1870-'71, ch. 186, sec. 4. From all which the necessity will appear of having the Judge of the Superior Court, before whom the case was disposed of, to pass upon the cost, which of course includes all the witness fees therein. Until that is done, the County Commissioners cannot know their liability. The tickets given out in State cases by the Clerks are only evidence that the witness has attended; but how he is to be paid is for Judge to say.

No point is made as to whether the plaintiff as assignee of several tickets from divers persons can maintain his action; because, as we understood from the defendant's counsel, it was not desired to multiply costs.

There is error in overruling the demurrer. Judgment reversed and judgment here for defendant.

