W. W. PEGRAM v. COMMISSIONERS OF GUILFORD COUNTY.

When a Judge below orders an insolvent prosecutor to pay costs, and he fails or is unable to pay, the county in which the offence was committed becomes liable to pay the same.

MOTION heard before his Honor, Judge KERR, at Fall Term, 1875, of ROCKINGHAM Superior Court.

The motion was made in behalf of W. W. Pegram, who was a witness for the State in the case of the *State* v. *John*

*W. Thomas.* An indictment for perjury was found against the defendant at Fall Term, 1869, of Guilford Superior Court, and the cause was removed to Rockingham for trial. W. B. March was, by order of the Court, endorsed upon the bill as prosecutor.

At Fall Term, 1870, a *nol. pros.* was entered and judgment rendered against the prosecutor for cost.

Upon the hearing of the motion, the Court granted an order to the Board of Commissioners of Guilford County to pay the cost.

The only question presented upon the hearing was as to the power of the Court to grant such order.

The defendants appealed.

*Mendenhall & Staples* and *Walter Clark,* for the appellants. *Scott & Caldwell,* contra.

SETTLE, J. " All witnesses summoned or recognized in behalf of the State shall be allowed the same pay for their daily attendance, ferriage and mileage as is allowed to witnesses attending in civil suits." Rev. Code, chap. 35, sec. 37.

The Act proceeds to define in what cases the defendant shall pay costs, and also in what cases the Court may, in its discretion, order the prosecutor to pay costs.

But suppose the Court should order an insolvent prosecutor to pay costs, can it be that the County would thereby be discharged from its primary liability to State's witnesses? Such cannot be the fair construction of either chap. 35, sec. 37, or of chap. 28, sec. 9, of the Revised Code.

If the prosecutor is not insolvent and is made to pay, well and good; otherwise, the County remains liable.

In all cases where the County is liable to pay costs, that County wherein the offence shall have been charged to be committed shall pay them. Rev. Code, chap. 28, sec. 10.

In the case at bar his Honor, Judge TOURGEE, ordered the

proscutor to pay costs, and it now appears by the sheriff's return upon an executon that the prosecutor is insolvent.

True, his Honor required of the prosecutor a bond to secure the costs, which was given, and while it may be good and made available as a bond at common law, yet as there was no authority in the Court to require such a bond, we may dismiss it for the present from our consideration.

Our attention was called to the Act of 1868–'69, chap. 178, sec. 40, but that only applies to the costs of officers in preliminary proceedings, which by said Act are placed at the discretion of the Judge before whom the case shall be tried.

But the defendants deny the power of his Honor, Judge KERR, the successor of Judge TOURGEE, to make an order upon the County of Guilford for the payment of these costs. If this objection be founded upon the Act of 1868–'69, chap. 178, sec. 40, we have already seen it has no application to the case before us.

If it be based upon the broader ground that Judge KERR could make no order in a cause which had been disposed of by Judge TOURGEE, the reply is, the cause for the purpose of collecting costs is still pending, and the order of Judge TOURGEE for that purpose having proved abortive, it was already within the province of Judge KERR, or whoever might be the Judge of that district, to make orders in that as in all other causes pending at the close of Judge TOURGEE's term.

The judgment of the Superior Court is affirmed.

Let this be certified.

PER CURIAM.                                   Judgment affirmed.