SUPREME COURT CLERK'S OFFICE v. THE COMMISSIONERS OF RICHMOND.

*Fees of Supreme Court Clerk.*

The clerk of the Supreme Court is not embraced in the provisions of ch. 247, Laws 1874–'75, directing the payment of half fees in certain cases. He is entitled to full fees when the defendant in a criminal action appeals to this Court.

RULE on the Board of Commissioners of RICHMOND to show cause why an attachment shall not issue for their refusal to pay the costs adjudged against the board and due the clerk's office, in *State* v. *Bullard* and *State* v. *Covington,* heretofore decided by this Court. The commissioners answer and say they are advised by their counsel that the county is bound for half fees only, for which provision has been made, and they are ready and willing to pay full fees if this Court shall so determine. *Mr. J. D. Shaw* appeared in this Court for the commissioners.

SMITH, C. J. (After stating the case as above.) We are of opinion that the clerk of this Court is not embraced in the provision for the payment of half fees in certain cases, and is entitled to full costs. In the Revised Code the fees of the County Court clerk are prescribed in ch. 102 § 17, and those of the Superior Court clerk in the succeeding section. § 19 applies to both clerks and disallows a fee for issuing a *capias ad respondendum* during term time and returnable *instanter*, unless it shall have been executed. Then follows § 20, which is substantially re-enacted by the act of 1875. Laws 1874-'75, ch. 247.

The last act directs the costs inclusive of witness fees in certain cases to be paid by the prosecutor in all criminal actions terminating in an acquittal, an entry of *nolle prosequi*, or arrest of judgment, whenever the Judge or justice trying the same shall certify " that there was not reasonable ground for the prosecution, and that it was not required by the public interest." The act further declares that " if there be no prosecutor, and the defendant is acquitted or convicted, and unable to pay the costs, or a *nolle prosequi* be entered, or judgment arrested, the county shall pay the *clerks, sheriffs, constables* and *witnesses* their half fees only, except in capital felonies and prosecutions for forgery, perjury and conspiracy, when they shall receive full fees."

PRICE *v.* BROCK

This act is but a substitute and in nearly the same words as § 20 ch. 102 of the Revised Code, and must be interpreted upon the same principle. The liability of the county is made to depend on the manner of termination of the class of criminal actions to which the statute applies, and as to such of them as end in a *nolle prosequi* or verdict of acquittal and can not be reviewed in this Court, no further costs will be incurred.

It will also be noticed that county officers, clerks, sheriffs and constables, are grouped together where fees with the fees of witnesses attach to trials in the Superior Court and to antecedent proceedings, and the association strongly points to the legislative intention to refer only to clerks of the Superior Court. It would be a strained construction of the word to extend it to the clerk of this Court, and in our opinion this is not its proper meaning and effect. We therefore declare the clerk of this Court is entitled to full fees. In view of the expressed willingness of the commissioners to pay their costs, if in the judgment of this Court the county is chargeable therefor, we presume no further proceeding under the rule is necessary.

The clerk will send to the commissioners a certified copy of this opinion. The county commissioners will pay the costs of the rule.

PER CURIAM.                               Judgment accordingly.