## M. B. BELDEN v. D. B. SNEAD.

*Witness, pay for attendance—Practice—Agreement of Parties.*

1. A witness is not at liberty after final judgment to withdraw his "witness ticket" and sue upon it. His fees for attendance should be taxed and collected with the other costs against the party adjudged to pay the same, if he be solvent; and if not, then the prevailing party who summoned and required his testimony is responsible therefor.

2. An agreement that other pending causes shall abide the determination in this, is a matter between the parties, and does not authorize this court to assume jurisdiction in cases not before it, or warrant the expression of an opinion purely speculative.

(*Standly* v. *Hodges*, Conf. Rep., 350; *Carter* v. *Wood*, 11 Ired., 22; *Thompson* v. *Hodges*, 3 Hawks 318, cited and approved.)

MOTION by plaintiff to retax costs heard on appeal from the decision of the clerk, at Fall Term, 1879, of RICHMOND Superior Court, before *Seymour, J.*

The plaintiff appealed from the ruling of the court below.

*Messrs. Hinsdale & Devereux,* for plaintiff.
*Mr. John D. Shaw,* for defendant.

SMITH, C. J. Upon the hearing before the clerk of the plaintiff's motion for leave to issue execution upon the judgment which had been dormant, the application was refused at his costs.

One McLaurin had been summoned on the day and at the place of trial and testified for the plaintiff, and his fee, as a witness for one day's attendance, and mileage in returning home, was included in the costs, with an allowance of one dollar to the clerk for the judgment, and twenty-five cents for docketing the same, for the correction of which by a re-taxation, a motion was made before the clerk, an ap-

peal taken from his ruling to the superior court, and again from the judgment in that to this court. The witness proved his attendance and filed the certificate thereof, but has withdrawn it and commenced an action against the plaintiff, which is still pending, for the recovery of what is due him. The court held that the clerk was entitled to the fee charged, but disallowed the amount due the witness, because he had withdrawn his ticket and sought redress in an independent action instituted in another tribunal.

In the act of March 21st, 1871, revising and fixing the fees of county officers, the clerk of the superior court is allowed fifty cents for " entering judgment and verdict," and one dollar for " a judgment on any question authorized to be decided by him, if there be an appeal, including the statement of the case on appeal," &c. Acts 1870–'71, chap. 139, § 11, par. 5 and 6. He is also entitled to receive twenty-five cents for docketing a judgment on the execution docket. *Ibid.*, par. 12. The charge for entering the judgment must therefore be reduced to one half the sum taxed ; the fees allowed the witness are correct in amount, and the only question is whether they can be taxed as costs in the judgment.

In *Standly* v. *Hodges,* Conf. Rep., 350, it is held that an action to recover the value of the services rendered by the witness would not lie at common law against the party by whom he was summoned, and that the matter was regulated by statute. The statute gives this direct remedy, when the party at whose instance the witness is summoned, fails to pay what is ascertained to be due at each term before the departure of the witness from court. Revised Code, ch. 31, § 73. In order to be recovered in the judgment the witness tickets must be filed in the clerk's office when the cause has been finally determined. *Ibid.*, § 74. After judgment, the claim is not against the party summoning, but against the person adjudged to pay the costs, unless from his insolvency

they cannot be collected.   *Carter* v. *Wood,* 11 Ired., 22 ;
*Thompson* v. *Hodges,* 3 Hawks, 318.   It would seem from
these adjudications that the witness is not at liberty after
final judgment, to withdraw and sue upon his certificate,
but must seek satisfaction in the cause against the party
cast, and if the money cannot be made out of him or his
surety, then out of the prevailing party, who summoned and
required his testimony.

The case is defectively stated, but we infer the tickets
were filed at the rendition of the judgment refusing leave
to issue execution and have since been taken out, and the
action brought on them.   Their withdrawal was improper
and they ought to be returned to sustain the judgment in
that behalf.   It was not only irregular, but wholly useless
to bring a new suit, the end of which would only be a judg-
ment against the plaintiff for *part of the costs, all of which are
embraced in the judgment already rendered by the clerk.*   If the
tickets could become the subject of a new suit, we should
be disposed to agree with the court that the right to have
them taxed in the original action would be suspended, if not
lost, upon the principle that two proceedings for one and
the same object and between the same parties will not be
permitted to be carried on at the same time.   The one must
operate as an abatement of the other.   We are therefore of
opinion that the fees due the witness should be taxed and
collected with the other costs, upon the return of his certifi-
cate to the proper office, or upon satisfactory evidence ac-
counting for its loss or absence.

It seems to have been the purpose of the appeal to obtain
the opinion of the court upon the point whether the witness
was entitled to compensation for attendance and mileage
also in each of the numerous similar cases, in which he was
also summoned and examined.   But it would be going out-
side of this record to decide questions in other cases, and
where there is and can be no consolidation because there

are different defendants. The argreement that other pending causes shall abide the determination in this, is a matter between parties and counsel, but does not authorize this court to assume jurisdiction in cases not before it, nor warrent the expression of an opinion purely speculative.

There is error, and as for the reasons stated final judgment cannot be rendered here, this will be certified to the end that the proper judgment may be entered in the court below in accordance with this opinion.

Error.                                                    Reversed.