### THE STATE v. W. T. MASSEY.

*Costs — Criminal Proceedings — Witnesses — Constitution — Discretion.*

1. The statute (*The Code,* § 747) which provides that, when a defendant in a criminal action shall be acquitted, a *nol. pros.* entered, or judgment arrested, the Court shall tax the county with the costs of the witnesses "necessary" for the defendant, does not extend to the case where the indictment is *quashed.*

2. The provision in the Constitution (Art. I, § 2) which forbids that any defendant shall be taxed with the costs of necessary witnesses summoned by him, unless found guilty, does not, *ex vi termini,* authorize such costs to be taxed against the county; it only exempts the acquitted defendant from any liability therefor.

3. The discretion conferred upon the Court, in § 733, *The Code,* in respect to regulating, or refusing to allow any compensation to the witnesses therein named, is not reviewable.

4. *It seems* that, under the law as it now stands, an acquitted defendant's costs for witnesses can be taxed against a county only in those cases where a private prosecutor may be taxed with them.

5. While not more than two witnesses to a single point may be taxed against the *losing* party in a civil action, the liability of the party who summoned them for their compensation is not abridged.

This was a Motion, by the defendant, to tax the county of LINCOLN with the fees and mileage of a number of witnesses, summoned for the defendant, heard before *Connor, J.,* at Fall Term, 1889, of that county.

His Honor refused to grant the motion, and the defendant and the witnesses named appealed.

*Messrs. W. A. Hoke* and *W. J. Montgomery,* for the appellant.

*The Attorney General, contra.*

CLARK, J.: The indictment in this case was quashed, and the defendant thereupon moved that his witnesses be taxed against the county. The Court denied the motion, upon the ground that this was not a case in which the statute authorized it to make such order.

The Court is authorized, under *The Code,* § 733, in its discretion, to direct that witnesses shall receive no compensation, or only a part of that which the law authorizes to be paid. The exercise of such discretion is not reviewable. It is not unfrequently the duty of the Judge to take such action. The tax-payers should be protected against the payment of unnecessary witnesses and in improper cases. Judges and Solicitors should carefully scrutinize the bills of costs, which make the trial of the criminal docket so very expensive, *The Code,* §§ 733, 744, 748 and 1204. The scrutiny and approval of bills of costs by them is not a mere matter of form, but is required by the statute for the protection of the public and defendants. The decision in this case, however, is put upon a want of power in the Court to make the order, and that presents a question for review.

At common law, in civil cases, neither party recovered costs, and each side paid its own witnesses (*Costin* v. *Baxter,* 7 Ired., 111); and, in criminal actions, the sovereign neither paid or recovered costs. *State* v. *Manuel,* 4 D. & B., 20. In such cases, the defendant's witnesses looked to him for payment, whether acquitted or convicted, but the State's witnesses received no compensation in either event. Their attendance without recompense was one of the duties of citi-

zenship, as still is the case with jurors summoned on a special venire, if not sworn of the panel, with workers on the public roads and the like, and with witnesses summoned by the State in excess of the number the law authorizes to be paid, or in excess of the number the Court, in its discretion, may adjudge to be paid. Till a recent statute, witnesses, in criminal cases before a magistrate, received no pay, and still in no case from the county, and no mileage is allowed. *The Code*, §§ 895–3756. The duty of attending Court, in obedience to a subpœna, is incident to citizenship, as, in feudal times, the duty of "attending the Lord's Court" was incident to fealty. Payment of witnesses by the sovereign is neither given by common law, nor is it an inherent right. It is granted at the discretion of the Court in the cases, and only within the limits authorized by the statute.

Though, at common law, the State's witnesses in no event received compensation, gradually, and without statutory enactment, a custom grew up in this State of taxing them against the defendant, if convicted, as a part of the *punishment* adjudged against him. This is first recognized, incidentally, in the Act of 1762 (Swan's Revisal, 299), and next in the Act of 1778, ch. 4 (Iredell's Revisal, 363). There remained no provision for the State's witnesses where the prosecution failed, and it was found necessary to hold (in *State* v. *Dancy* and *State* v. *Whitted*, in 3 Murph.) that, in such event, the defendant "was not liable to pay the State's witnesses, though he was bound, of course, for payment of his own." As to the State's witnesses in such contingency, the Act of 1804, ch. 665, and succeeding statutes, now constituting §§ 739 and 740 of *The Code*, provided for their being paid by the county *half fees*, except in certain cases in which they are allowed full fees. This, however, is subject to the limitation in §§ 743, 744 and 745, as to the number of witnesses to be allowed payment, and to the discretion vested in

the Court, by § 733, to reduce the number of witnesses, or their compensation, below that authorized by the statute.

As to defendants' witnesses, the Constitution of 1868, Art. I, § 11, provides that defendants shall not be compelled to pay *necessary* witness fees, or other Court costs, unless found guilty. This, it seems, left defendants still liable for payment of such witnesses as they may summon who are not necessary for their defence. As to their necessary witnesses, the Constitutional provision did not require them to be paid by the public, but merely deprived them of their common law right to look to the defendant for payment, and placed them, in the absence of some legislative enactment, upon the footing all State's witnesses formerly held, and some still hold, of serving without compensation. The Legislature, in 1881 (*The Code*, § 747), remedied this, in certain cases, by providing, "when the defendant shall be acquitted, a *nolle prosequi* entered, or judgment arrested," upon a proper certificate, the Court shall tax the necessary witnesses of the defendant, duly subpœnaed and in attendance, against the county, if no prosecutor is taxed with the costs, but only then with the limitations as to number and compensation applicable to State's witnesses in like cases. The statute is carefully guarded, and shows the legislative intent to restrict payment by the county of defendants' witnesses to the cases specified, and their number and amount of compensation.

The Court below rightly held that there is no statute authorizing the Court to tax defendants' witnesses against the county when the " bill is quashed." If this is a *casus omissus*, the remedy can only be found in a legislative enactment. It would seem, however, intentional, for the statute of 1799, (*The Code*, § 737), authorizing the Court to tax prosecutors with costs, does not extend to cases in which the bill is quashed. In *Office* v. *Gray*, 2 Car. Law Repository, 424, the Court gives as the reason that the bill can only be quashed if the offence be not indictable, or is not set forth

with legal precision, and the Court could not, therefore, find that the prosecution was frivolous or malicious. It seems, from the similarity of language used in §§ 737 and 747, that the intention was to allow defendant's witnesses to be taxed against the county only in the cases in which they could be taxed against a prosecutor. As to State's witnesses, the language is broader, and provides for their payment in all cases in which "the defendant is discharged" (*The Code*, § 740), subject, of course, to the restrictions above cited.

It may be noted here that in civil cases, witnesses, unless summoned on behalf of the State or a municipal corporation, need not attend but one day, if their compensation is demanded and refused. *The Code*, § 1368. While in such cases not more than two witnesses, summoned by the successful party to prove a single fact, can be taxed against the party cost (*The Code*, § 1370), this does not abridge the right of all the witnesses to recover compensation against the party summoning them.

Affirmed.