## STATE v. SHUFFLER.

*Costs in Criminal Actions—Liability of County.*

Where on appeal to the superior court from a judgment of a justice of the peace, in a matter in which he had final jurisdiction, a *nol pros.* was entered by the solicitor, it was error to tax the county with the costs accrued in the superior court.

This was a warrant before a Justice of the Peace of BURKE County for entering on land after being forbidden, and was carried by appeal to Fall Term, 1895, of BURKE Superior Court.

At Fall Term, 1896, the Solicitor entered a *nol pros.*, and NORWOOD, J., rendered judgment against the county of Burke for costs incurred in the superior court, but not for costs in the justice's court, to which judgment against the county of Burke for costs in the superior court the State and County Commissioners of Burke County excepted and appealed.

*Mr. J. T. Perkins*, for Board of Commissioners of Burke County (appellant).

*Messrs. Avery & Ervin* for defendant.

FURCHES, J. :   This is a prosecution commenced before a justice of the peace, in a matter where the justice had final jurisdiction (for entering on land after being forbidden) and carried to the superior court by appeal.   In the superior court the solicitor for the State entered a *nol pros.*, and the judge entered judgment against the county for the costs that had accrued in the superior court after the appeal, but not for what had accrued before the justice of the peace.   To this judgment the commissioners excepted and appealed.

It was contended in support of the judgment of the court, that Sections 739, 740, 743, 744 and 745 of *The Code*, should be considered in connection with Section 895, relied on by the counsel for the commissioners, in support of their contention that the judgment was erroneous, and it was contended that when considered together they sustained the judgment of the court appealed from. And upon an examination of these sections, we find there is an apparent inconsistency in them. But they have all been considered and construed in *State* v. *Massey*, 104 N. C., 877, and in *Merrimon* v. *Commissioners*, 106 N. C., 369. And as there construed, it was error to tax the county of Burke with any part of this cost. There is error, and the judgment appealed from, so far as it taxes the county of Burke with any part of this costs, is reversed.

Judgment Reversed.