GEORGE W. GUILFORD, Clerk of Beaufort Superior Court, v. THE BOARD OF COMMISSIONERS OF BEAUFORT COUNTY.

*Action for Costs—Costs in Criminal Cause—Liability of County—Fees of Clerk of Superior Court.*

1. The State and county are liable for costs only in the cases expressly provided by statute.

2. A county cannot be taxed, under section 739 of the Code, with any part of the fees of the clerk or other officers in criminal actions if the grand jury returns "not a true bill."

3. When a defendant is bound over to the Superior Court by a justice of the peace, the clerk of the Superior Court is not entitled to the fee of 50 cents allowed by Ch. 199, Acts of 1885, for "appeal from justice of the peace."

4. The fee of ten cents allowed the clerk of the Superior Court by Chapter 199, Acts of 1885, for "filing papers," is for filing all the papers in an action after final judgment, as prescribed by Section 86 of *The Code*, and not for filing each paper in a case.

5. The clerk of the Superior Court is not entitled under section 3739 of *The Code* to a specific fee for recording the proceedings of a cause in the minute docket of the Court, as required by section 83 (6) of *The Code.*

6. The liability of a county for defendant's witnesses is restricted to the same cases in which the county is responsible for half fees to officers, except that the Court is not liable to defendant's witnesses where he is convicted and unable to pay.

7. An appeal lies from a judgment involving merely the taxation of a bill of costs.

CIVIL ACTION, commenced before a Justice of the Peace by George W. Guilford, against the Board of Commissioners of Beaufort County to recover fees as clerk of the Superior Court, heard on appeal and on complaint and demurrer before *Bryan, J.,* at Spring Term, 1897, of BEAUFORT Superior Court.

The complaint was as follows:

"The plaintiff, complaining of the defendants, alleges: (1) That plaintiff is the clerk of the Superior Court of Beaufort county, N. C. (2) That at the Fall term, 1896, of the Superior court of Beaufort county, a bill of indictment was sent before the grand jury of said county, charging one George Pilly with larceny, and was returned by the grand jury 'Not a true bill.' That there was no prosecutor in the said case. That the following fees are due plaintiff in said criminal action, to-wit:

| | |
|---|---:|
| Indictment, | $ .60 |
| Docketing, | .25 |
| Six subpœnas, | .90 |
| Filing papers, | .20 |
| Preparing bill of costs, | .25 |
| Recording in minutes, | .50 |
| Making, | $2.70 |

"That the defendants are liable to plaintiff for one-half of the said bill of costs, under section 739 of the Code. That

there is due plaintiff the sum of one dollar and thirty-five cents on said bill of costs by defendants. That defendants have refused to pay the said sum, on the ground that the county is not liable in cases where the grand jury has returned 'Not a true bill.' (3) That at Fall term, 1896, of the Superior Court of Beaufort county, one Elijah Selby, who had been bound over by a justice of the peace to said term, charged with larceny, was indicted and convicted and sentenced to the state prison for the term of two years. That among other fees due the plaintiff in the said criminal action are the following, to-wit:

| | |
|---|---|
| Appeal from justice of the peace, - - - - - - | $ .50 |
| Docketing same, - - - - - - - - - - - | .25 |
| Filing papers, - - - - - - - - - - - - | .20 |
| Recording in minutes  - - - - - - - - - | .25 |
| | |
| Making - - - - - - - - - - - - - - | $1.20 |

—"That the defendants are indebted to plaintiff for one-half of the fees above specified. That the defendants have refused to pay the said bill of costs, or the one-half thereof for which the county is liable, on the following grounds, to-wit: First. That the said Elijah Selby did not appeal from the justice of the peace to the Superior Court, but was bound over by the justice of the peace to appear at said term, and that the fee of fifty cents for an appeal and twenty-five cents for docketing the same is not due plaintiff in said criminal action. Second. That the plaintiff is not entitled to charge the fee of twenty cents for filing papers, but defendants insist that a single fee of ten cents only can be charged for filing papers in each case, and not a fee of ten cents for filing each paper. Third. That the plaintiff is not entitled to a specific fee of twenty-five cents, or any other specific sum, for recording in the minutes.

Wherefore, plaintiff prays judgment against the defendants for the sum of one dollar and thirty-five cents, being half fees in state against George Pilly, as set forth in section 2 of this complaint, and for the sum of sixty cents, being half fees in state against Elijah Selby."

The demurrer was sustained and plaintiff appealed.

*Mr. Charles F. Warren*, for defendants.
No counsel, *contra*.

CLARK, J.:   At common law, in criminal actions, the sovereign neither paid nor recovered costs.   *State* v. *Manuel*, 20 N. C., 20.   The state and county are now liable for costs, but only in the cases expressly provided by statute.   *State* v. *Massey*, 104 N. C., 877.   Code, § 739, which specifies the instances in which the county shall be liable either for half or for whole fees in criminal actions, is restricted to those in which "there is no prosecutor, and the defendant shall be acquitted or convicted, and unable to pay the costs, or a *nolle prosequi* be entered, or judgment arrested."   There is no provision for taxing the county with any part of the fees of officers if the grand jury ignores the bill, or if the bill is quashed, nor if the prosecutor is taxed and proves unable to pay. Possibly, the legislature considered that it would entail great and unjustifiable expense if the county were taxed with the fees of officers in the frivolous and trivial prosecutions in which the grand jury refuse to find a true bill, or in which the judge should quash the indictment because not good in law.   The judge properly held that the county was not liable for half fees in the case of State against Pilly, in which the grand jury had returned "Not a true bill."

As to the second cause of action, for the half fees in the case of State against Selby, in which the defendant therein

was bound over by a justice of the peace for larceny, was "convicted and unable to pay the costs," and in which there was no prosecutor, the officers were entitled to half fees from the county, as to all legal fees. But the charge, "Appeal from justice of the peace, 50 cents, and docketing same, 25 cents," is illegal. There was no appeal, for the justice "bound over," having no final jurisdiction. Code, § 3739, prescribes: "Appeal from justice of the peace, including docketing, 50 cents." Acts 1885, Ch. 199, strikes out the words "including docketing," but no fee is given for docketing an appeal, and none could be taken in any event. Besides, the fee for appeal from a justice is only allowed in civil cases and in those criminal cases in which the defendant or the prosecutor is taxed with the costs. Even though the defendant should be acquitted, or *nol. pros'd* in the upper court, the county is in no manner liable for fees. Code, § 895, expressly provides that in no case of which a justice of the peace has final jurisdiction (and only in such would an appeal lie) "shall the county be liable to pay any cost." *Merrimon* v. *Commissioners*, 106 N. C., 369; *State* v. *Shuffler*, 119 N. C., 867.

Code, § 86, prescribes that "the clerk shall keep the papers in each action in a separate roll or bundle, and, at its termination, attach them together, properly labeled, and file them in the order of the date of final judgment." This is the "filing papers" for which the clerk is entitled to charge a fee of 10 cents. Acts 1885, Ch. 199. If the statute had intended to give a fee of ten cents for filing each paper, it would have said so. Evidently, the fee was allowed for the single act of "filing papers" when the case is closed. There are no words used to support the contention that a separate fee of ten cents is to be allowed for each summons process, subpoena notice, and affidavit re-

turned; nor is there any authority for the charge, "Recording in minutes, 25 cents." The clerk is required to keep "a minute docket, in which shall be entered a record of all proceedings had in the court during the term, in the order in which they occur, and such other entries as the judge may direct to be made therein." Code, § 83(6). But there is no specific fee given therefor, either against defendants or the county. The language of section 3739 is: "Recording and copying papers, per copy sheet, 10 cents. ' This refers to recording and copying papers, and not to keeping the minutes or proceedings of the court. When compensation for officers is made by fees, they are not paid for each and every service performed; but for certain designated services prescribed fees are allowed, the aggregate of which the legislature deems would be sufficient for the discharge of all the duties of the office. Indeed, Code, section 3739, provides that "the fees of the clerk of the Superior court shall be as follows, and no other, namely," etc.

The liability of the county for state witnesses though not for half fees of officers, when the prosecutor is unable to pay, is caused by the difference between the wording of section 739 and that of sections 740 and 1204 (and these last are safeguarded against abuse by sections 743, 744, and 746). *Pegram* v. *Commissioners*, 75 N. C., 120. But the liability of the county for defendant's witnesses is restricted to the same cases in which the county is responsible for half fees to officers, except that the county is not liable to defendant's witnesses where he is convicted and unable to pay. An appeal in the matter of costs lies in cases of this kind. *State* v. *Horne*, 119 N. C., 853; *State* v. *Commissioner of Pamlico Co.*, *ante*.

It admits of some question whether this action can be maintained as brought. Certainly it would have been more regular to have had the costs taxed or retaxed in the

original cause, and an appeal from the judgment thereon. *Moore* v. *Commissioner*, 70 N. C., 340; *Belden* v. *Snead*, 84 N. C., 243. But the objection is not raised by either party, and we do not pass upon it.

Affirmed.