CLERK'S OFFICE v. COMMISSIONERS OF CARTERET COUNTY.

*Costs—Appeal in Criminal Cases—Liability of County for Costs.*

1. Costs, in this State are entirely creatures of legislation and do not exist without it.

2. There being no statute authorizing it, the officers of this Court are not entitled to collect from a county the costs accruing in this Court on appeal in a criminal case when the defendant was allowed to appeal without bond and without an order allowing him to appeal *in forma pauperis* and is insolvent.

This was a rule on the Commissioners of CARTERET County to show cause why they should not pay the fees claimed by the Attorney General and Clerk of the Supreme Court in *State* v. *Turner* and *Noe* and *Hassell*. Indictments against those defendants were found in Carteret County, but tried in Jones County, where they were convicted, and on appeal the judgments were affirmed. 119 N. C., 841. They gave no undertaking on appeal, nor certificate of inability to do so, and upon execution the Sheriff returned "No property," etc. The question was submitted to this Court as to the liability of the County.

*Mr. C. L. Abernathy* for Commissioners.

FURCHES, J.: This is a rule upon the Commissioners of Carteret to show cause why the County should not pay the

costs due the officers of this Court in three criminal cases where the defendants had been allowed to appeal to this Court without giving bond, or without any order of the Court allowing them to appeal as paupers, and they are insolvent. The rule was granted under the ruling in *Clerk's Office* v. *Commissioners of Richmond*, 79 N. C. 598, and the conclusion arrived at in that case seems to justify the rule in this case. It is distinctly held in *Clerk's Office* v. *Commissioners of Richmond*, 79 N. C., 598, that Section 739 of *The Code* giving half fees in certain cases, did not apply to fees due this office. And the Court concluded from this fact that the officers of this Court were entitled to full fees against the County. But this conclusion seems to be a *non sequitur*. The conclusion would have been justified if the officers of this Court had been entitled to these fees, as against the County, before the enactment of the law contained in section 739. But this does not seem to have been the case, and we find no legislation to justify the conclusion arrived at in *Clerk's Office* v. *Commissioners of Richmond, supra*. It has been frequently held by this Court that costs, in this State, are entirely creatures of legislation, and without this they do not exist. *Guilford* v. *Commissioners*, 120 N. C., 23, 27 S. E., 94; *State* v. *Massey*, 104 N. C., 877, 10 S. E. 608; *Merrimon* v. *Commissioners*, 106 N. C., 369, 11 S. E., 267; *State* v. *Shuffler*, 119 N. C., 867, 26 S. E., 94. This being so, and there being no statute authorizing the officers of this Court to collect these costs out of the respondents, the rule must be discharged.

Rule discharged.