## STATE v. FRANK HICKS.

(Decided May 2, 1899).

*Costs—Defendant's Witnesses—State Case—Acquittal.*

1. The Code, sections 733, 744, 747 and 748. collated and construed to-
gether. places it in the discretion of, the presiding Judge, for rea-
sons satisfactory to him, to refuse to direct the fees of witnesses
for the State or for an acquitted defendant. in whole or in part,
to be paid by the county, and from his decision no appeal can be
taken.
2. The State Constitution. Article I, section 11, exempts an acquitted
defendant from payment of necessary witness fees of the defence,
but does not require that they shall be paid by the public.

CASE ON APPEAL for Supreme Court.

This was an indictment for murder, tried at Fall Term, 1898, of the Superior Court for Rutherford County, before his Honor, *H. R. Starbuck,* presiding Judge, and a jury.

The defendant, Frank Hicks, was acquitted by the jury. No person was adjudged to pay the costs as prosecutor, nor was any person marked as prosecutor.

After the verdict of acquittal was returned by the jury, M. H. Justice, Matt McBrayer and E. J. Justice, counsel for the defendant, made and presented to the Court a certificate, that the defendant, Frank Hicks, had witnesses duly sub-pœnaed and that said witnesses were in attendance, and was

necessary for the defense, and were sworn and examined, and moved before the presiding Judge for an order in the cause, directing that the said witnesses be paid by the County in the same manner that the law authorizes the payment of State witnesses in like cases. The Court refused to make the order.

The said counsel also moved the Court to make the order in behalf of the witnesses, which the Court refused to do, and both defendant and said witnesses excepted.

The Court finds the following facts, to-wit:

1. That the certificate of the counsel meets the requirements of the statute.

2. That W. T. Wilkins, Charles Burgin and C. L. Harris and others were witnesses for defendant on trial, were duly subpœnaed, were sworn and examined, and they were material and necessary witnesses for the defendant; and the defendant was acquitted by the jury.

3. That said witnesses have proven their attendance, and filed their tickets with the Clerk of the Court.

The Court held that it had the discretion, for satisfactory cause, to refuse to order the witnesses paid by the County; and in the exercise of such discretion, for reasons which it deemed satisfactory, refused to make the order, and defendant excepted.

Said reasons are not necessary to be set out, inasmuch as the exception is addressed to the court's ruling, that it had the power for any cause to refuse the order, in view of the findings heretofore set out.

Then said counsel moved the Court, in behalf of said witnesses, to make such order, which the Court likewise, upon the same grounds, refused, and the witnesses excepted.

The defendant, Frank Hicks, and witnesses, W. T. Wilkins, Charles Burgin, C. L. Harris, and others, excepted to

STATE *v.* HICKS.

the ruling of the Court, that it had the legal power to refuse such order and appealed, assigning such ruling as error.

Notice of appeal waived.   Appeal bond fixed at $20.

The foregoing is, with the consent of the Solicitor and the counsel for the defendants and the witnesses, declared to be the statement of the case on appeal to the Supreme Court.

(Signed)                      H. R. STARBUCK,
                                 *Judge Presiding.*

BRIEF OF COUNSEL FOR FRANK HICKS AND WITNESSES.

This was an indictment for murder, and the defendant was acquitted by the jury.

Counsel for defendant made and tendered to the Court a certificate, that certain witnesses were duly subpœnaed, examined, and, were necessary for the defense; etc., which certificate was adjudged by the Court to be sufficient in all respects under the statute.

Counsel then moved the Court, in behalf of both the defendant and the said witnesses, to tax the costs of the attendance of said witnesses against Rutherford County, which motion was refused on the grounds that the Court had the discretion under Section 747 of Code to either tax or not tax such costs against said County, which alleged discretion was exercised in the refusal to make the orders asked for.

The Constitution, Article I, Section 11, clearly lays down the principle that a defendant shall not be charged with the necessary witnesses for his defense, *unless he shall be found guilty.* This Section of the Constitution does not contemplate that witnesses *necessary* for the defense, shall serve without compensation, any more than that State's witnesses shall serve free of charge.   Both are on the same footing under the Constitution.

In pursuance of this principle in the organic law, the Legislature in 1881 (Code, Section 747) enacted a statute providing among other things that "When the defendant shall be acquitted, a *nolle prossequi* entered, or judgment against him arrested, and it shall be made to appear to the Court by certificate of counsel or otherwise, that said defendant had witnesses duly subpœnaed, bound or recognized, in attendance, and that they were necessary for his defense, it shall be the duty of the Court, unless the prosecutor be adjudged to pay the costs, to make and file an order in the case directing that said witnesses be paid by the County in such manner and to such extent as is authorized by law for the payment of State's witnesses in like cases."

Nothing is left to the discretion of the Court under this Section, if witnesses were under subpœna in attendance, were examined and were necessary to the defense, which facts are all found to be true by the Court. We know of no rule of interpretation by which this Section can be contrued otherwise than mandatory. If the proper certificate or other proof be made the Judge *shall make* the order, etc. There is nothing in the language that justifies the slightest inference that the Legislature intended to repose any discretion in the Judge. But the intention otherwise is overwhelmingly manifest.

The cases of *State v. Massey,* 104 N. C., 187, and *State v. Ray,* 122 N. C., 1095, have both been carefully considered. We think the Court correctly decided in the Massey case, that the County was not liable for the payment of defendant's witnesses. It was made to appear to the Court by certificate of counsel or otherwise that the witnesses were subpœnaed, attended or were necessary to his defense. And, unless all these facts do appear, the Court would not be authorized to make the order requiring the County to pay

such costs. In Massey the indictment was quashed, and the case as observed by Justice Clark does not fall within the terms of Section 747 of Code. "If," says the Court, "this is a *casus omissus* the remedy can only be found in a legislative amendment," thus recognizing the full force of the statute, conceding its application to cases similar to the one at bar.

This bill being quashed in Massey, because it either charged no offense, or the offense was not indictable, it could not, therefore, be said that witnesses were necessary in either view, since the defects were apparent upon the face of the bill; and the Court very properly refused to tax such *unnecessary* costs of witnesses against the County.

The Court in case *supra,* says: "It seems from the similarity of language in Sections 737 and 747 of Code, that the intention was to allow defendants' witnesses to be taxed against the County only in the cases in which they could be taxed against a prosecutor."

After a careful reading and comparison of the two Sections, we are unable to reach the conclusion that the Legislature in Section 747 intended to restrict the payment of defendants' witnesses by a County to such costs only as could be taxed against a prosecutor.

The purpose of the Legislature, in authorizing the Courts to tax prosecutors with the witnesses for the accused, as appears from Section 737 of The Code, was to save the County harmless against the payment of needless costs. It was thought that this statute would tend to stifle and smother all "malicious or frivolous" prosecutions, with which our criminal calendars are loaded, by punishing the instigator of such prosecutions with the payment of the costs, and as a further and more effective punishment of such disturb-

124—53

ers of the "neighborhood quiet," the Courts are authorized to imprison for non-payment of such costs.

So this Section, as we conceive, was intended more as a punishment to the prosecutor, than to relieve innocent defendants from the payment of their necessary witnesses' attendance, since the Courts are required to find "that there was no reasonable ground for the prosecution, or that it was not required by the public interest," before they are warranted in thus compelling the prosecutor to pay defendants cost.

But it was not till the legislation of 1881 that defendants obtained full and complete indemnity against the payments of their necessary costs in their defense, as provided in Section 747 of Code. This Statute was intended to extend and enlarge the protection of parties who were *indicted* for offenses and properly acquitted by making it *mandatory* upon the Courts to tax the necessary witnesses' attendance against the County, whether there be a prosecutor or not. No other construction is in harmony with the Constitution. It is not sufficient to say that the statute under consideration only intended to relieve the defendant thus acquitted from personal liability for his witnesses' attendance. But it goes further and says the Court shall make an order taxing costs against the County.

It would seem folly to say the Legislature intended the costs taxed against the County only in cases where there was an individual prosecutor. It could make no difference to a defendant whether he was prosecuted by the State alone, or some, individual together with the State, since the results of an acquittal would be the same to him.

In fact the reasons for taxing the costs against the county are stronger in the absence of an individual prosecutor. There being no private prosecutor, the presumption arises

that the prosecution was instituted and conducted for the public good, and the public should, therefore, share in the luxury of the costs consequent upon acquittal.

It would seem unreasonable to say, where there is a private prosecutor, and the defendant is acquitted, that then and only in such event is the Judge authorized under the statute to tax the costs against the County. Because the only reason for making an individual as prosecutor in indictments is to fix a liability for the costs upon some particular person. So our interpretation of the Statute, leads us irresistibly to the conclusion, that if a defendant be acquitted, and there be no private prosecutor, it is *mandatory* upon the Court, on furnishing the proof, etc., provided by the statute, to make the order requiring the County to pay the costs. Or if there be a prosecutor, and the Court does not tax defendants' witnesses against such prosecutor, it then likewise becomes incumbent upon the Court to tax such costs against the County.

We have confined our discussion to the Massey case, *supra,* because in *State v. Ray,* 122 N. C., 1095, the former is relied upon as authority, and we are unable to see the analogy. As before stated, that decision is correct in principle and the result announced does not conflict with Section 747. Since in that case the bill was quashed and is not therefore embraced in said Section.

We respectfully submit that *State v. Ray* finds no support in the Massey case, nor can it find support in Section 747 of Code, under any ordinary construction of the language.

We are relying upon Section 747 of The Code and not upon Sections 733 and 737. The discretion is admitted under Sections 733 and 737. But under Section 747 that discretion is taken from the Court, in the class of cases

therein named, and a *plain, unequivocal* duty of taxing costs imposed upon the Court.

This last named statute or Section, the Court will observe, is subsequent to the other Section and was intended to deprive the Court of *all* discretion in the class of cases named in said Section, and establish a certain clearly prescribed duty for the Court in directing the payment of the costs when defendants are acquitted, etc.

Whether this Section of The Code was enacted because of the abuse of the discretion reposed in the Courts under Sections 733 and 737, or because of a desire to provide a way for the certain payment of defendants' witnesses when they are acquitted, as contemplated by the Constitution, we are unable to say, but it is so written as the law. And we only invoke its application, under an ordinary common sense interpretation, to the case at bar. We see no conflict with Sections 733 and 737, but if there is, these Sections must give way to this subsequent statute, which in effect takes away from the Court the exercises of discretion in certain well defined cases, and provides relief to defendants in certain cases by saying their necessary witnesses *shall* be paid by the County.

When the Judge in the Court below finds the facts, as he does, that the witnesses were necessary for the defense, he in effect finds that only the necessary number of witnesses are included.

*Messrs. M. H. Justice, Matt McBrayer, E. J. Justice,* attorneys for appellants.

Attorney General for the State.

CLARK, J. The Court below found that the three witnesses named were necessary and material witnesses for the

defendant, duly subpœnaed and examined, but that "for reasons satisfactory to the Court and in the exercise of the discretion in such cases vested in the presiding Judge," he refused to order the witnesses paid by the County. From this order the defendant and the three witnesses named appealed.

The appellants contend that The Code, Section 747, prescribes that the Judge "shall" direct that the County shall pay the witnesses of an acquitted defendant (unless taxed against the prosecutor), but this must be taken in connection with the last two lines of said Section (747), "in such manner and to such extent as is authorized by law for the payment of State's witnesses in like cases," and as to State's witnesses, the Sections 733, 744, place it in the discretion of the presiding Judge, for reasons satisfactory to him, to refuse to direct the fees of the State's witnesses in whole or in part to be paid by the County.

In *State v. Massey,* 104 N. C., 877, the history of the taxation of witnesses' fees is fully discussed, with statement of the reasons why it is left so largely to the discretion of the presiding Judge. It is therein said: "As to the necessary witnesses (of defendants who are acquitted) the constitutional provision (Art. I, Section 11) does not require that they shall be paid by the public, but merely deprives them of their common law right to look to the defendant for payment, and places them, except when there is some legislative enactment, upon the footing all State's witnesses formerly held, and some still hold, of serving without compensation." It is necessary that some one be charged with the duty of protecting the public from the imposition of paying witness fees in excess of what is just and reasonable. The Judge who tries the case can discharge that duty better than any one else, and, the statute having expressly vested it in

STATE *v.* DAVIDSON.

his discretion upon satisfactory reasons appearing to him (Code, Sections 733, 744, 748) no appeal can be taken. *State v. Massey, supra,* which has been cited and approved in many cases, among others *In Re.* Smith, 105 N. C., at p. 170; *Merrimon v. Commissioners,* 106 N. C., at p. 372; *State v. Horne,* 119 N. C., 853; *Guilford v. Commissioners,* 120 N. C., 23; *Clerk's Office v. Commissioners,* 121 N. C., at p. 30, and by FAIRCLOTH, C. J., in *State v. Ray,* 122 N. C., 1095, in which last the findings of fact are almost identical with those in the present case.

There are many other instances in which the action of the Judge below is a matter of discretion and not reviewable, as setting aside or refusing to set aside a verdict because excessive or against the weight of the evidence, granting or refusing amendments, continuances, and in other matters fully as important as questions of allowing witness fees.

Affirmed.

DOUGLAS, J., dissents.