STATE v. MONROE SAUNDERS.

(Filed 4 December, 1907).

**Officers—Solicitor's Fees.**

> Under Revisal, sec. 1283, enumerating the officers whose fees are provided for (excepting New Hanover County), the county is liable for the payment of full fees where the defendant is convicted and serves out a sentence on the public roads. Under this section the Solicitor's fees are omitted, but, under section 2768, when the party convicted is insolvent, the Solicitor shall receive fees.

CRIMINAL ACTION, tried before *Lyon, J.*, and a jury, at July Term, 1907, of the Superior Court of McDOWELL County.

The defendant was convicted of crime and sentenced by the court to confinement in the county jail for a term of three years, "to be worked on the public roads of Marion Township, McDowell County." The court further adjudged that the county pay the cost of said prosecution in full. From so

much of the judgment as directed that the ,county pay full costs the county commissioners appealed.

*Assistant Attorney-General* for the State.
*J. C. L. Bird* for defendant.

CONNOR, J. The appeal brings into controversy the alleged power of the Judge, upon conviction of a defendant and sentence to imprisonment in the county jail with direction that he be worked on the county road, to adjudge full costs against the county. It is conceded that the power to impose costs, either upon the county or the defendant, is of statutory origin and regulation. *State v. Massey,* 104 N. C., 877. The liability of the county for costs in criminal cases is now regulated by section 1283 of the Revisal, wherein the several statutes in force prior to 1 July, 1905, the date at which the Revisal became the statute law of the State, are codified. As applicable to this case, the county is made liable. "If * * * the defendant * * * be convicted and unable to pay the costs, * * * the county shall pay the clerks, sheriffs, constables, justices and witnesses one-half their lawful fees only." In capital felonies and other cases named in the section full fees are to be paid. It will be noted that in the enumeration of the officers whose fees are provided for the Solicitor is omitted. By reference to Revisal, sec. 2768, it will be seen that, where the party convicted is insolvent, the Solicitor shall receive one-half his usual fee. Section 1283 does not seem to provide for the payment of half fees by the county in any case where the defendant serves out a sentence on the public roads, except in New Hanover County. It would seem, therefore, that other counties are liable in case of conviction only "when the defendant is unable to pay the cost." This fact is not found by the court in this case; but, as no point is made in respect thereto, we will assume that the judgment is based upon that fact. It will be observed by reference to section 1355 that, when any county has made

provision for working convicts upon the public roads, it is made the duty of the Judge holding court in such counties to sentence to imprisonment at hard labor on the public roads for such terms as are prescribed by law for imprisonment in the county jail. No provision is made in this section for cost, except where persons are imprisoned for nonpayment of cost, and in these they are to be detained only until they repay the county to the extent of the "half fees charged up against it," thus showing that the Legislature recognized the liability of the county in such cases only for half fees. We find nothing in the statutes authorizing judgment against the county in criminal cases, except those specially named, for more than half fees. The judgment of his Honor must be modified in that respect. The county will pay half fees, unless the commissioners shall wish to raise the question of defendant's insolvency, which they may do when motion is made to modify the judgment in the Superior Court.

Modified.