R. H. LUTHER ET AL. v. SOUTHERN RAILWAY COMPANY.

(Filed 20 December, 1910.)

**Clerk of Court—Fees—Cost—Interpretation of Statutes.**

　　The fees for continuances of cases allowed to the clerk of the Superior Court by Revisal, sec. 2773, must be for such continuance as is made by the judge upon motion, and such as must be recorded in the minutes of the clerk, and not those affected by a crowded docket or the inability for that reason of reaching the cause for trial.

APPEAL from *Justice, J.,* at February Term, 1910, of BUNCOMBE.

Motion to retax bill of costs adjudged against the defendant. The defendant moved to strike out in the bill of costs the item, "Ten continuances of $3," and as pertinent thereto his Honor found the following facts: "That the case was docketed in this court on 5 August, 1907; that since that time the case has never been reached for trial; that no order continuing the case has ever been made; that the case has never been placed on the calendar for trial; that ten terms of the court have elapsed since the case was docketed." Upon these facts his Honor refused the motion to retax, and adjudged the bill of costs as made out by the clerk to be correct and legal. The defendant appealed.

*No counsel for plaintiff.*
*Moore & Rollins for defendant.*

MANNING, J.   Section 2773, Revisal, prescribes the fees to be charged by clerks of the Superior Court for official services rendered in the course of actions pending in the Superior Courts, and for the doing of other acts. Among these fees, it is prescribed, "Continuance, 30 cents," and it was for the charge for ten continuances, at 30 cents each, amounting to $3, that defendant objected to in the bill of costs, upon the facts found by his Honor.

We think his Honor should have disallowed the item. There was no motion made by either party to the action for a continuance of the trial of the cause, and no order made by the presiding judge granting such continuance, and no entry of such motion and order by the clerk in the minutes of the court. It is for such services performed upon motion and order that the charge for a continuance is to be allowed, and not upon the state of facts found by his Honor. In *Blount v. Simmons,* 120 N. C., 19, in reviewing a bill of costs, this Court said: "The charge, 'Motion for judgment, 25 cents,' is often made by clerks, but is illegal. The 'motion' for which '25 cents' is allowable is a motion in the cause made in writing and required to be recorded, and not the mere verbal application for a judgment." So in *Guilford v. Comrs.,* 120 N. C., 23, this Court, in again considering the fees of clerks, said: "Code, sec. 86, pre-

scribes that 'the clerk shall keep the papers in each action in a separate roll or bundle, and, at its termination, attach them together, properly labeled, and file them in the order of the date of final judgment.' This is the 'filing papers' for which the clerk is entitled to charge a fee of 10 cents." So the allowance to the clerk of a fee of 30 cents for a continuance must be such a continuance as is made by the judge upon motion, and such as must be recorded in the minutes by the clerk, and not such continuance of the trial of an action as is brought about by the inability to reach the cause for trial, owing to a crowded docket and lack of time. Such a continuance is accomplished solely by act of the law—the law's delay; and it was not contemplated that the clerks should charge the fee of 30 cents for such continuances. His Honor should have allowed the motion of defendant. This item will be stricken from the bill of costs. The ruling of his Honor is, therefore,

Reversed.