MARGARET WALKER et al v. IOLA SCOTT et al.

*Appeal— Motion to Dismiss— Record— Practice— Rules.*

1. An appeal will not be dismissed for the absence of a statement of the case on appeal, as error may otherwise appear. The proper motion, in the absence of error assigned or appearing in the record, is to affirm the judgment.

2. When it is claimed that a statement of case on appeal was never properly served and should not have been sent to this Court as part of the record, the proper course for the objecting party is to move for a continuance here until he can apply to the Court below to strike the paper from the file. In that Court the record is made up for hearing in this Court on appeal.

3. It is sufficient, under the rule, if the record shall have been printed when the case shall be called for argument.

4. *The rules of practice* prescribed by this Court, under Art. IV, sec. 12, of the Constitution, and § 961 of *The Code,* are not merely directory. Rule 2, secs. 7 and 8, as to the time within which appeals must be docketed and motion by appellee to dismiss in case of delay beyond the time, without reasonable excuse for delay, is remedial and salutary, and will be enforced; but, on motion, time will be given to the party delinquent to show reasonable excuse for his delay.

At the present term of this Court the plaintiffs moved to dismiss the appeal for the following reasons :

1. That the appellants have not complied with the statute regulating cases on appeal, by making out a statement of their case on appeal, and serving a copy on the plaintiffs or their counsel, as is provided by law.

2. The record does not show that any appeal was taken or entered within ten days from the rendition of the judgment, as required by the statute.

3. That the record has not been printed, as required by the rules of the Court.

4. That the appellants' case on appeal was not transmitted to this Court and docketed until after the call of docket for the Twelfth District, and no reason has been shown by them why the same was not regularly docketed, as provided by the rules of this Court.

*Mr. Theo. F. Davidson,* for the plaintiffs.
*Mr. J. W. Cooper,* for the defendants.

MERRIMON, J.   The first ground of the motion to dismiss the appeal is, that the appellants failed to serve any case stated on appeal upon them or their counsel.

The motion cannot be allowed for this cause.   What purports to be such statement appears in the transcript of the record ; but if this were not so, the absence of it would not be ground for sustaining the motion, because it is not essential to the appeal.   It may be that there are assignments of error in the record, and errors may appear in the record proper, so that a statement of the case on appeal may not be necessary.

The proper motion, in the absence of errors appearing in the record, or properly assigned, is to affirm the judgment. *Manufacturing Co. v. Simmons,* 97 N. C., 89.

The appellees, in support of this gr und of their motion, offered affidavits to prove that what purports, in the transcript of the record, to be the case stated on appeal, duly

.served on their counsel, was never in fact served on themselves or their counsel, and they ask this Court to hear the evidence, find the facts, and make appropriate orders striking the statement from the record. This application is a misapprehension of the proper course of procedure in such case. 'The motion should be made in the Court below to strike from the files there such statement as having been improperly filed with the Clerk, as allowed in proper cases by the statute (*The Code*, § 551), and direct the Clerk to take no further notice of it. The case stated or settled on appeal passes into and becomes part of the case in the Court below, and it comes to this Court as part of the record. This Court has no authority to make, alter, or modify it in any material respect, or to determine that it was or was not duly filed. It is, therefore, appropriate and proper, indeed, necessary, that the Court below should hear all motions and make all proper orders in respect to it. A motion here, if need be, to stay the hearing of the appeal until such motion could be made, heard and determined in that Court, might be appropriate.

The second ground of the motion, and the counter-motion of the appellants for the writ of *certiorari*, will not be disposed of for the present, for the reason that it may not be necessary to consider them at all.

The third ground of the motion assigned is, that the record has not been printed, as required by the rule applicable. It seems that what purports to be the case stated on appeal 'has been printed. But, moreover, the appeal does not stand for argument at this term, and if the record should be printed by the time it shall be called for argument that will be sufficient. *Witt* v. *Long*, 93 N. C., 388.

It appears that the appeal was taken at the last Fall Term of the Superior Court of the county of Cherokee to this Court at its present term; but the appellants failed to file a transcript of the record of their appeal here, "within the first eight days of the term, or before entering on the call of

cases from the judicial district to which the case belongs," as required by Rule 2, § 7, but such transcript was filed *after* such call began. That the transcript of the record was not filed within the time prescribed by the rule, as above indicated, so that the appeal would stand for argument at the present term, is assigned as a fourth ground of the appellee's motion to dismiss it. Rule 2, § 8, among other things, provides, that " if an appellant shall fail to file the transcript of the record of his appeal, within the time he might do so, so that the appeal shall stand for argument at the term to which it is taken, the appellee may move, during the week assigned to the district, to dismiss the same, as above provided, and *his motion shall be allowed*, unless reasonable excuse for such failure shall be shown, within such time as the Court may direct, in which case the Court may deny the motion and allow a continuance." The purpose of this rule is remedial and salutary. It is intended by it to prevent appellants from delaying the filing of the transcript of the records of their appeals until just late enough in the term, as has some times been done, to get a continuance, and thus delay justice, frequently to the prejudice of the appellees. Such delay cannot be allowed, unless reasonable excuse for it shall be shown, if the appellee sees fit to avail himself of the rule, as the appellees do in this case. The rule is serious and important, and must be observed. The impression seems to prevail, to some extent, that the *Rules of Practice* prescribed by this Court are merely directory—that they may be ignored, disregarded and suspended almost as of course. This is a serious mistake. The Court has ample authority to make them. (The Const., Art. IV., § 12; *The Code*, § 961 ; *Rencher* v. *Anderson*, 93 N. C., 105 ; *Barnes* v. *Easton*, 98 N. C., 116.) They are deemed essential to the protection of the rights of litigants and the due administration of justice. They have force, and the Court will certainly see that they have effect and are duly observed, whenever they properly apply.

Apparently, the appellants in this case have failed to observe the rule invoked by the appellees. They have not shown reasonable, or any, excuse for such failure; but they insist that they can do so, and that, under the rule, they are entitled to have opportunity to show such reasonable excuse, and ask the Court to grant the same. We are of opinion that they are so entitled; and, accordingly, it is now ordered (by consent of the parties as to time) that they have leave to show excuse on the first Monday of the next term of this Court. The further consideration of the motion to dismiss the appeal will be deferred until that time.

*It is so ordered.*