* MERRIMON, C. J., did not sit.
The case came up by appeal from a justice's court overruling defendant's demurrer, and giving judgment for plaintiff. The Superior Court sustained the ruling if the magistrate, and gave judgment for plaintiff.
The defendant appealed.
(370) The complaint alleges that the defendant's county is indebted to him in the sum of $13.95 and interest, by virtue of divers cost bills due him as justice of the peace in criminal proceedings held before him, in which there were no prosecutors whatever, the affidavits upon which the warrants were issued having been made by the sheriff of the county in two years, and all in cases terminated in his court.
Defendants demurred, for that the complaint did not state a cause of action.
The Code, sec. 895, is as follows: "The party convicted in a criminal action, or proceeding, before a justice, shall always be adjudged to pay the costs, and, if the party charged shall be acquitted, the complaint shall be adjudged to pay the costs; and may be imprisoned for the nonpayment thereof if the justice shall adjudge that the prosecution was frivolous or malicious. But in no action, or proceeding, commenced or triedin the court of a justice of the peace, shall the county be liable to payany costs." The last paragraph of this section is decisive of the plaintiff's claim. The right to costs, as against the county, even of a witness for his attendance, is not inherent, but is acquired by virtue of the statute law. No quantum meruit could be maintained by him, nor by any officer for fees. The statute not only does not give the plaintiff a claim against the county for his fees, but expressly exempts it from any liability therefor.
Prior to 1868, justices of the peace received no fees in any case, but served pro honore. By the change then introduced, fees were allowed them. By chapter 92, Acts 1879, the Legislature restored the former practice to the extent of taking away the fees in criminal cases tried or commenced before the justice, except where the defendant is (371) convicted and sentenced to pay costs, or the prosecution is adjudged frivolous or malicious, and the complainant is adjudged to pay them. The semicolon improperly used in section 895 is calculated to mislead by conveying the impression that the complainant is to be taxed with the costs in every case in which the defendant is not convicted. Reference to section 3756 shows that such is not the case, for it is there provided that "no prosecutor or complainant shall pay any costs, unless the justice shall find the prosecution frivolous or *Page 301 
malicious." Omitting the semicolon, section 895, construed in connection with section 3756, means that the defendant shall pay the costs, if the prosecution is adjudged frivolous or malicious, and he may be imprisoned if they are not paid. There is no hardship imposed on a justice by this. The Code, secs. 1133 and 1134, requires the justice, before issuing a warrant, to examine the complaint on oath. Even in cases where a party, in the emergency mentioned in sections 1124, 1125 and 1126, is arrested without warrant, section 1130 requires that he shall be brought immediately before a magistrate, who, on proper proof, shall issue his warrant. If the justice shall comply with the statute, by carefully examining the complaint, on oath, before issuing his warrant, few cases would arise in which he would not have judgment for his fees, either from the evidence proving sufficient to convict or bind over the defendant, or from it being demonstrated that the complainant should be taxed with the costs for instituting a malicious or frivolous prosecution. In the very few cases in which judgment, in justice, should not be granted either against the defendant or the prosecutor, it was deemed better that the justice should serve his country as his predecessors did of yore, pro honore, than subject the public to the abuses liable to result, and which experience showed did result, from taxing the county with the costs in every case which any magistrate, on insufficient grounds, should see fit to investigate. The last paragraph of section 895 is also intended, evidently, to cut off claims against the county in cases where the defendant, convicted before a justice, (372) is discharged as an insolvent.
As to those cases in which the magistrate, after investigation, binds the defendant over to court, we do not understand that the word "commenced" applies to them. Section 895 applies only to cases finally disposed of before the justice, i. e., either by convicting the defendant or acquitting him for want of sufficient evidence to bind over or convict. The word "commenced" applies to cases of which the justice has final jurisdiction, but which are carried by appeal to the Superior Court. Such cases are still governed by section 895, and the costs in neither court can be taxed against the county. They must be taxed, if at all, against the defendant or the prosecutor. When the defendant is bound over to court, upon a preliminary examination, the case becomes a proceeding of the Superior Court, and costs, including costs in the justice's court for the preliminary investigation, are governed by The Code, sec. 733, et sequitur, relative to costs in the Superior Court. Section 736, in regard to the justice making out bills of costs in cases in which the county is liable, and the reference in section 739 to payment by the county of justices' fees has reference to such cases only. The extent *Page 302 
to which the county is liable for costs in cases disposed of in the Superior Court was decided in S. v. Massey, 104 N.C. 877.
The fact that the warrant here was issued on complaint of the sheriff makes no difference. He stands on no different footing from any other complainant. He must make oath and be examined as to the complaint like any other. If the prosecution fails, he, just as any other complainant, will be taxed with the costs, if the prosecution should be adjudged frivolous or malicious, and is liable to imprisonment for nonpayment. If such judgment is improperly made, the prosecutor has (373) the protection of having the finding reviewed, on appeal to the Superior Court. S. v. Hamilton, post, 660.
What we have said applies equally to the fees of witnesses attending before the justice, in cases finally disposed of before him by final judgment, or by a refusal to bind over. Until Acts of 1883, ch. 86, witnesses before the justice in criminal cases received no compensation, and now, in conformity to section 895, they are only allowed pay in criminal cases by judgment against the defendant, if convicted, or against the complainant, if taxed with the costs, when the prosecution is found frivolous or malicious. The Code, sec. 3756. In brief, the law as to costs in criminal cases before a justice is: 1. If the defendant is convicted he is taxed with the costs. 2. If defendant is acquitted, or proceedings dismissed, the complainant is taxed with the costs, if the prosecution is adjudged frivolous or malicious, and may be imprisoned for nonpayment thereof. 3. If the prosecution fails, and is not adjudged frivolous or malicious, no costs are taxable. 4. When the justice has final jurisdiction, if defendant is convicted and appeals to the Superior Court, this is a case "commenced" before the justice, and it is governed by section 895, and the county is not liable for costs in either court. 5. When the justice has not final jurisdiction, if the evidence is sufficient to bind the defendant over to the Superior Court, the costs, including those of the justice's court, are adjudicated by the Superior Court.
The demurrer should have been sustained.
Error.
Cited: S. v. Shuffler, 119 N.C. 868; Guilford v. Comrs., 120 N.C. 27;S. v. Morgan, ibid., 565; Clerk's Office v. Comrs., 121 N.C. 30;Garner v. Worth, 122 N.C. 255; S. v. Hicks, 124 N.C. 838; S. v. Butts,134 N.C. 608. *Page 303 
(374)