THE STATE v. H. T. CARLTON.

*Case on Appeal—Record Controls—Prosecutor, when Taxed With Costs.*

1. When the appellant's case on appeal is served in time, and no exception or counter-case is served, it becomes the "case on appeal." *Booth* v. *Ratcliffe, ante; Russell* v. *Davis,* 99 N. C., 115.

2. When there is a discrepancy between the case on appeal and the record, the latter controls. *McCanless* v. *Flinchum,* 98 N. C., 358.

3. When the Judge below finds that the prosecution is not required by the public interest, or that there was not reasonable ground therefor, the prosecutor is properly taxed with the costs. *The Code,* § 737; *State* v. *Roberts,* 106 N. C., 662; *Commissioners* v. *Merrimon,* 106 N. C., 369, modified and typographical error corrected.

This is an appeal from an order of *Womack, J.,* at June Term, 1890, of DURHAM Superior Court, taxing the prosecutor with costs.

The defendant was tried before a Justice of the Peace for wilful trespass on land after being forbidden and without license to enter, and was adjudged guilty. On appeal to the Superior Court, the defendant was acquitted. The case on appeal, as made out by the appellant, and to which no

exception or counter-case was served, states that the Judge found the prosecution to be neither frivolous nor malicious, but adjudged, without any further finding of fact, that, as a matter of law, the prosecutor must, in any event, pay the costs. The record of the judgment, however, shows that the Court adjudged that there was not reasonable ground for the prosecution, and that it was not required by the public interest, and taxed the prosecutor with the costs. From this judgment the prosecutor S. P. Gooch appealed.

*The Attorney General*, for the State.
*Mr. R. B. Boone*, for appellant (prosecutor Gooch).

CLARK, J.: Only the appellant's statement of case on appeal is sent up in the transcript, but as it appears that service thereof was accepted by the Solicitor within the time allowed, and no exceptions thereto nor counter-case was served, it stands as the case on appeal. *Russell* v. *Davis*, 99 N. C., 115; *Boothe* v. *Ratcliffe, ante.*

There is, however, a contradiction between the record proper and the case on appeal, and the record must govern. *Farmer* v. *Willard*, 75 N. C., 401; *State* v. *Keeter*, 80 N. C., 472; *Adrian* v. *Shaw*, 84 N. C., 832; *McCanless* v. *Flinchum*, 98 N. C., 388. From the record, it appears that the Judge held that the prosecution was not required by the public interest, and that there was not reasonable ground for the prosecution. The Court thereupon properly adjudged that the prosecutor pay costs, as required by *The Code*, § 737. *State* v. *Roberts*, 106 N. C., 662.

The appellant probably relied on this case having come up by appeal from a Justice of the Peace. In such cases, as is held in *Merrimon* v. *Commissioners*, 106 N. C., 369, the *county* is not liable, in any event, for costs in either Court, by virtue of *The Code*, § 895. There is no provision, however, that in such appeals the prosecutor may not be taxed

with costs, as in a case originating in the Superior Court, whenever the prosecution is adjudged not based on reasonable ground nor required by the public interest. *The Code,* § 737.

As to causes of which a magistrate has final jurisdiction, when no appeal is taken from that Court, it would seem, by virtue of *The Code,* § 3756, the prosecutor could only have been taxed with costs when the prosecution is adjudged frivolous or malicious, while section 737 extended to Justices' as well as other Courts, the power to tax prosecutor with costs also in cases where there was no reasonable ground for the prosecution, or it was not required by public interest. Whatever difficulty there might have been in reconciling these apparently conflicting provisions of *The Code* is practically removed by chapter 34, Acts 1889, which purports to amend section 737, but which, also, being later in time, must modify section 3756 where it conflicts with it. This statute of 1889 applies to Justices', as well as other Courts, and provides that the prosecutor shall be taxed with the costs if the defendant is discharged from arrest for want of probable cause. The opinion in *Merrimon* v. *Commissioners,* 106 N. C., 369, must be modified by adding to the instances in which the prosecutor in a case before a magistrate can be taxed with the costs, that of the defendant being discharged for want of probable cause, though it is still only when the prosecution is adjudged frivolous or malicious that any Court is empowered to imprison the prosecutor for non-payment of costs. *The Code,* § 738. In this connection it is well to note that in line 11 of page 371 of 106 N. C. Reports (*Merrimon* v. *Commissioners*) the word "defendant" is a misprint for "complainant." This, however, can readily be seen by the context.

*Per Curiam.*                               No error.