The plaintiff sued to recover $21.86 as wages for work on defendant's farm from 1 January to 22 March, 1890. The defendant denied plaintiff's right to recover, claiming that he owed him nothing and alleging that plaintiff had hired to him for 1890 and left 22 March, 1890, without cause. He admitted payment to defendant of $1 on his wages. Plaintiff admitted the hiring was for a year, but claimed that he left defendant's employment for cause.
Upon the trial in the Superior Court the plaintiff offered himself as a witness in his own behalf, and he testified that he contracted to work for defendant on his farm during 1890 for $100, and was to be allowed twelve holidays and be furnished a house to stay in by (7) defendant; that if either party became dissatisfied during the year with the bargain, he was to stop work; that at the time the contract was made nothing was said about when the money should be paid; that afterward defendant told him he would pay him from time to time during the year as he had it and plaintiff might need it, and asked plaintiff if he would sue him if he could not pay it all cash by the end of the year; that he (plaintiff) told defendant this would be satisfactory; that he would take portions of his wages whenever defendant desired to pay it; that defendant paid plaintiff $1 on his said wages in February; that plaintiff, in March, asked defendant for some money on his wages, when defendant said he would sell some tobacco as soon as he finished sowing oats, and pay plaintiff some; that the house in which defendant put plaintiff leaked very badly and wet plaintiff's bed frequently, and that plaintiff frequently asked defendant to repair the same, or patch the roof, or allow plaintiff to do so, but defendant would not, and that on 22 March plaintiff left defendant's employment for no other reason than that the house he was required to occupy was unfit to live in. On 24 March, when plaintiff went to defendant for a settlement, defendant *Page 44 
told him he would not pay him if he left, but told plaintiff he could go into another house occupied by a tenant of defendant who had rented it of defendant. This house had only one room, and the tenant had a wife who was about to be confined, and several small children. This, witness declined to do.
Upon this evidence plaintiff rested his case, and his Honor thereupon stated that he would instruct the jury that, upon the plaintiff's own showing, he was not entitled to recover, and he did so instruct them, and, upon his instructions, the jury found the issue submitted for the defendant.
Plaintiff excepted, and assigned the said ruling as error. Judgment for defendant, and plaintiff appealed.
The appellant's case on appeal alone is sent up, but as it is further made to appear that it was served within the time allowed by law, and no exception thereto nor counter case was served, it must be taken as the "case on appeal." Russell v. Davis, 99 N.C. 115; Simmons v. Andrews,106 N.C. 201.
The only evidence before the court, on the trial below, was the testimony of the plaintiff. Taking that to be true, while the hiring was by the year, it was also further agreed that either party could put an end to the contract at any time. Besides, the plaintiff quitted his employment for good legal cause.
Under these circumstances, it was error to instruct the jury that, "upon plaintiff's own showing, he could not recover" upon a quantum meruit for services rendered.
It also appears that there was no implied or express contract that nothing was to be paid till the end of the year, but the reverse, and for that reason also the plaintiff could recover, as was held in Chamblee v.Baker, 95 N.C. 98.
Error.
Cited: S. v. Carlton, post, 957; Markham v. Markham, 110 N.C. 358; S.v. Price, ib., 600; Wilmington v. Bryan, 141 N.C. 685. *Page 45 
(9)