J. T. F. CUMMINGS v. D. W. M. HOFFMAN et al., Executors of RACHEL GRAHAM, Deceased.

*Practice—Case on Appeal—Error on Face of Record on Appeal—Erroneous Judgment on Pleadings.*

1. A disputed question, as to whether there has been service, in time, of a case on appeal, should be submitted to the Court below to find the facts.

2. Unless service of a case on appeal is accepted, it must be made by an officer; an alleged service by an attorney is nugatory.

3. Although no legal case on appeal accompanies the record in this Court, . the appeal will not be dismissed, but the judgment below will be affirmed, unless error appear on the face of the record.

4. Where the record shows an entry of appeal and the service of notice within proper time, the appeal being in itself an exception to the judgment, error on the face of the record will be noted in this Court.

5. In an action to recover money, the defendants in their answer admitted an indebtedness to plaintiff of one dollar, but an amended complaint having been filed, they denied in their amended answer any indebtedness whatever, and upon an issue relating thereto the jury found that defendants owed nothing: *Held,* that it was error in the Court below to render judgment for one dollar and costs, upon the ground that defendants had in their original answer admitted that indebtedness; for, although the admission in the first answer was competent it was not conclusive evidence of the indebtedness, which was denied by the latter pleadings, and the jury passed upon the issue concerning the same, and upon the evidence of the admission, if plaintiff saw fit to offer it.

CIVIL ACTION upon a physician's account, tried before *Whitaker, J.,* and a jury, at March Term, 1892, of ALAMANCE Superior Court.

There was verdict for the plaintiff, and defendants appealed from the judgment thereon.

The facts necessary to an understanding of the decision of the Court are stated in the opinion of Associate Justice CLARK.

*Mr. James E. Boyd,* for plaintiff.
*Messrs. Busbee & Busbee,* for defendants (appellants).

CLARK, J.: There being a disputed question whether there was service, in time, of the case on appeal, if properly raised, it should have been submitted to the Court below to find the facts. *Walker* v. *Scott,* 102 N. C., 487. The appellees contend that their objection, endorsed on the case that the service was on the 4th of April (after the expiration of the ten days), was admitted by the appellants not sending the case to the Judge to settle. *Owens* v. *Phelps,* 92 N. C., 231; *Jones* v. *Call,* 93 N. C., 170. Unfortunately for appellees, their exception was not served till April 11, after the expiration of the five days allowed by statute, and therefore goes for naught. There is, however, no evidence of the service of appellants' case within the time prescribed, and it also must be disregarded. *Peebles* v. *Braswell,* 107 N. C., 68; *Mfg. Co.* v. *Simmons,* 97 N. C., 89. It is true a *certiorari* was sent down, to which the Clerk returns that there is endorsed on the original case deposited in his office by appellants, "Copy served on plaintiff by W. H. Carroll, attorney for defendants, April 1, 1892."

Without in any way recognizing as valid this attempt to settle the disputed question of fact by copying a written declaration of a party in his own interest, instead of submitting the question to the Judge (*Walker* v. *Scott, supra*), it is sufficient to say that the return does not help the appellant. Unless service is accepted, it must be made by an officer. Any other mode is invalid and a nullity. *Allen* v. *Strickland,* 100 N. C., 225; *State* v. *Johnson,* 109 N. C., 852; *State* v. *Price,* 110 N. C., 599. There being no legal case on appeal before us, it does not follow that the appeal should be dismissed. The proper course is to affirm the judgment, unless error appears upon the face of the record proper. *McCoy* v. *Lassiter,* 94 N. C., 131, and other cases cited in Clark's Code (2d Ed.), p. 580.

Upon inspection of the record, it appears that, by the original answer and amended answer, the defendants admitted an indebtedness of one dollar. But, an amended complaint being filed, the defendants were permitted to file an amended answer thereto, in which they denied any indebtedness whatever. An issue based upon these final pleadings was submitted to the jury—"Is the plaintiff entitled to recover of the defendants; if so, how much?"—to which the jury responded "No." Thereupon, his Honor rendered judgment as follows: "It appearing to the Court, from the admission of the answer, that the defendants were indebted to the plaintiff in the sum of one dollar, it is adjudged that the plaintiff recover the sum of one dollar and the costs of the action." The record shows an entry of appeal and service of notice within legal time. The appeal itself is an exception to the judgment.

There is error upon the face of the record. The indebtedness was denied in the final pleadings of the parties, and upon the issue thus made the jury found that the defendants were not indebted. The admission in the first two answers of an indebtedness of one dollar was simply an admission against interest, like any other. It was competent to introduce the first two answers as evidence (*Adams* v. *Utley*, 87 N. C., 356), but the admission was not conclusive. It might be shown that it was made under a misapprehension, or by mistake or inadvertence. *Smith* v. *Nimocks*, 94 N. C., 243. The jury passed upon the issue, and upon this evidence of an admission, if plaintiff saw fit to offer it. Upon the verdict, judgment should have been rendered in favor of defendants against the plaintiff and sureties to the bond, for costs.

The case is remanded, that it may be so entered.

Reversed.