D. S. BARRUS v. THE WILMINGTON & WELDON RAILROAD COMPANY.

*Practice—Appeal—Service of Case on Appeal—Failure to Serve Case in Time—Settlement of Case on Appeal by Judge—Affirmation of Judgment.*

1. An endorsement by counsel, who accepted service of case on appeal adding the date and stating that he did not waive the objection that the case was served too late, was competent and properly certified by the Clerk as a part of the proceedings in the case.

2. The settlement of a case on appeal by the Judge does not cure the failure to serve the case within the time fixed by law.

3. The absence of a legally settled case on appeal does not entitle the appellee to have the appeal dismissed but, where no error appears on the face of the record proper, judgment must be affirmed.

ACTION for damages for injury to a horse tried on appeal from a judgment of a Justice of the Peace, before *McIver, J.,*

BARRUS v. RAILROAD COMPANY.

and a jury, at Spring Term, 1897, of Lenoir Superior Court. The plaintiff submitted to a non-suit on the intimation of his Honor that he could not recover and appealed. In this Court the defendant moved to dismiss because the case on appeal was not served in time and also to affirm the judgment for want of a case and because no errors appear in the record.

*Mr. W. R. Allen*, for plaintiff (appellant).
*Mr. R. O. Burton*, for defendant.

CLARK, J.: It was competent for counsel who accepted service of the case on appeal, after the time limited by Statute, to add to his endorsement the date and that he did not waive the objection that the case was presented too late. Such endorsement was properly certified by the Clerk as a part of the proceedings in the case. *Cummings* v. *Huffman*, 113 N. C., 267. The failure to serve the case on appeal within the time fixed by law was not cured by the Judge's settling the case on appeal. *Forte* v. *Boone*, 114 N. C., 176; *McNeill* v. *Railroad*, 117 N. C., 642. If there had been no endorsement as above and the appellee had filed an affidavit that service had not been in time, it might have been necessary to have the facts as to the date of service found by the Judge below, unless the Judge should find them in settling the case, as he should always do if there is a controversy on that point. *Walker* v. *Scott*, 102 N. C., 487; *Cummings* v. *Huffman, supra*. But here there is no real contention that the case on appeal was served in time; certainly no affidavit is offered to contradict the endorsement of the date of acceptance of service made on the plaintiff's case on appeal by the appellee's counsel. There being no case on appeal legally settled does not entitle the appellee to have the appeal dismissed, but, as no error appears upon the face of the record

121—64

proper, the judgment must be affirmed. *Delafield* v. *Construction Co.,* 115 N. C., 21.

Affirmed.