PENNIE HOLLOMAN v. CALVIN HOLLOMAN.

(Filed 4 October, 1916.)

**1. Appeal and Error—Case—Service—Objections and Exceptions.**

Technical and immaterial objections made to the service of cases on appeal upon opposing parties are not favored by the Supreme Court; and an appellant may not decide for himself upon the sufficiency of appellee's counter-statement because not served with his own statement attached; the proper procedure being to except to the sufficiency, have it passed upon by the trial judge while settling the case, and, upon an adverse holding, by exception thereto for the Supreme Court.

**2. Same—Recordari—Motion to Affirm.**

Where a counter-case on appeal has been served without appellant's statement attached, and the latter, for that reason, has not requested the

judge to settle the case, but applies for a writ of *certiorari* in the Supreme Court to bring up from the Superior Court his statement, which appellee had filed with his own statement in the clerk's office, and it appears that each statement had been served on the adverse party in time: *Held*, the motion for *certiorari* will be denied; and if no error in the record proper, filed in the appellee's motion, is found, the judgment below will be affirmed.

Appeal by defendant from *Stacy, J.,* at April Term, 1916, of Hertford.

*Winborne & Winborne for plaintiff.*
*R. C. Bridger for defendant.*

Clark, C. J. This is a petition for a *certiorari* by the defendant, who appealed as a pauper. He alleges that by consent the appellant was allowed sixty days to serve the case on appeal and the appellee sixty days thereafter to serve his counter-case or exceptions; that on 26 June, within the time agreed, the appellant served his case on appeal and that on 10 July, 1916, the appellee served what purported to be her exceptions or counter-case, which the appellant deemed insufficient under Revisal, 591, for the reason that the appellee did not return with his counter-case the copy of the appellant's statement of his case, "with her approval of the specific amendments indorsed or attached," he did not send the papers to the judge to settle the case on appeal, and he asks that this Court send a *certiorari* to the clerk's office to send up the appellant's statement of the case on appeal as the "statement of the case."

The appellee files an affidavit in reply, stating that the appellee duly served its counter-case on the defendant's counsel on 10 July, well within the time allowed, and that, further, about the middle of July, 1916, appellee's counsel wrote to the judge by whom the case was tried, inquiring what had been done about settling the case on appeal, to which the judge replied that no papers had been sent to him and that he had heard nothing from it, and that at request of the judge they sent him copies of the evidence, the exceptions taken on the trial, and the court's charge, as taken down by the court stenographer, and that on 9 August, 1916, within the sixty days allowed appellee, Judge Stacy returned all these to plaintiff's counsel with the statement: "I have not been requested to settle this case, and am returning the papers you sent me."

The failure of the appellee to return a copy of the case on appeal served on her by the appellant was not such a default as entitled the appellant to decide in his own favor that it was fatal. If the appellant had wished to take advantage of such supposed defect he should have

sent the papers to the judge, raising this exception, in order that the judge might pass upon such exception, and that his ruling, together with the case on appeal as settled by the judge, should come up to this Court. In that event the whole matter would have been disposed of at once. If this Court should have held that the defect was fatal, the appeal would have been dismissed at appellee's cost. If the Court should have held otherwise, then the cause would have been argued and decided upon the case as settled by the judge.

In deciding for himself that the appellee had committed a fatal error the appellant himself was in default. If he had for any reason needed the return of his copy of the case on appeal, which he had served on the appellee, he could doubtless have had it upon request made known to the appellee's counsel. If this had not been done, and the appellant had kept no copy of his own case, matters might have been different. But in fact the appellant avers that he had filed a copy of the case in the clerk's office, and it is that case which he now wishes this Court to procure by *certiorari,* that it may be treated as the case on appeal. The appellee's counter-case was served on appellant 10 July and also filed in clerk's office 27 July, both within the time, and there was no reason the case should not have been sent to the judge to settle.

The Court does not favor such unnecessary and technical objections. The appellant was put to no inconvenience by the failure of the appellee to return his copy of the case on appeal and made no objection that it had not been returned, and had another copy himself. The appellee could file either specific objections or a counter-case, *S. v. Gooch,* 94 N. C., 982, and cases cited in Anno. Ed.

Under these circumstances the motion for a *certiorari* is denied, and there being no case on appeal filed in this Court by the default of the appellant, and the only record before us being the record proper, on inspection of which we find no error, the motion of the appellee to affirm is allowed.

Motion by appellant for *certiorari,* Denied.

On motion by appellee, Affirmed.