CAMPBELL E. SMITH, ADMINISTRATOR OF E. W. LANGLEY, v. C. E. SMITH AND W. E. COBB.

(Filed 24 September, 1930.)

1. **Appeal and Error C a—Where time for serving statement of case on appeal has expired, trial court is without power to settle case.**

   Where upon the settlement of the case on appeal by the trial court a controversy arises between the parties as to whether the case was served within the time fixed, or allowed, or service within such time waived, the duty of the trial court is to find the facts, hear motions and enter appropriate orders thereon, and when it appears of record that the case was not served in time the trial court is without power to settle it, and his attempted settlement will be disregarded on appeal.

**2. Same—Where statement of case on appeal is not served in time it does not work dismissal and Court will review record proper.**

> The allowance by the Supreme Court of a *certiorari* does not affect the time within which the case on appeal must be served, but where the appellant has not served his case in the time fixed or allowed, it does not warrant a dismissal, and the Supreme Court will review the record proper for error, and in the absence of error appearing upon its face, affirm the judgment appealed from.

APPEAL by defendant, W. E. Cobb, from *Johnson, Special Judge,* at January Term, 1930, of PITT.

Motion by plaintiff to affirm judgment.

The case was tried at the January Term, 1930, Pitt Superior Court, and resulted in a verdict and judgment for the plaintiff. The defendant, W. E. Cobb, gave notice of an appeal to the Supreme Court. By agreement of counsel, appellant was allowed sixty days within which to prepare and serve statement of case on appeal, and the plaintiff was allowed thirty days thereafter to file exceptions or countercase. Application for *certiorari* was made at the Spring Term, 1930, of the Supreme Court, and allowed, the writ issuing 3 March.

Appellant's statement of case on appeal was served 7 August, 1930. Fourteen days thereafter, plaintiff's counsel filed exceptions, but protested against any settlement of the case on the ground that "the time for serving case on appeal expired in April, and the said case was not served until 7 August, 1930." In response to notice, counsel appeared before the judge at the time of settling case, renewed his protest and moved to dismiss the appeal.

The record contains the following entry: "The trial judge did not pass upon the question as to whether the case on appeal was served within the time fixed by law for the service of case on appeal, nor whether the exceptions and countercase filed by the appellee constitutes a waiver of such service, deeming this a matter to be passed on by the Supreme Court."

*S. J. Everett for plaintiff.*
*Henry C. Bourne for defendant Cobb.*

STACY, C. J. Where there is a controversy as to whether the case on appeal was served within the time fixed or allowed, or service within such time waived, it is the duty of the trial court to find the facts, hear motions and enter appropriate orders thereon. *Holloman v. Holloman,* 172 N. C., 835, 90 S. E., 10; *Barrus v. R. R.,* 121 N. C., 504, 28 S. E., 187; *Walker v. Scott,* 102 N. C., 487, 9 S. E., 488; *Cummings v. Hoffman,* 113 N. C., 267, 18 S. E., 170.

It appears, without contradiction, that appellant's statement of case on appeal was not served within the time allowed by agreement of counsel, hence the judge was without authority to settle the case. *Lindsey v. Knights of Honor,* 172 N. C., 818, 90 S. E., 1013; *Cozart v. Assurance Co.,* 142 N. C., 522, 55 S. E., 411; *Barber v. Justice,* 138 N. C., 20, 50 S. E., 445. And his attempted settlement of the case, without finding that service within the stipulated time had been waived, did not cure the defect. *McNeill v. R. R.,* 117 N. C., 642, 23 S. E., 268; *Forte v. Boone,* 114 N. C., 176, 19 S. E., 632.

The "case," therefore, as settled, must be disregarded. *Cummings v. Hoffman, supra.*

Application for *certiorari* was made at the Spring Term of this Court and allowed, but this did not change the time already fixed by agreement of the parties, for serving statement of case on appeal, and exceptions or countercase.

There being no case on appeal, legally settled, does not, however, entitle the appellee to have the appeal dismissed. *Roberts v. Bus Co.,* 198 N. C., 779; *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713. But as no error appears on the face of the record proper, the judgment must be affirmed. *Delafield v. Construction Co.,* 115 N. C., 21, 20 S. E., 167.

Affirmed.