THE TEXAS COMPANY v. THE BEAUFORT OIL AND FUEL COMPANY.

(Filed 1 October, 1930.)

1. **Appeal and Error C b—Certified statement of case on appeal will stand when appellee fails to serve countercase or exceptions.**

Where the appellant prepares his statement of case on appeal and service thereof is accepted by the appellee within the time allowed by the judge, and is certified by the clerk as a part of the record, in the absence of service of exceptions or countercase it is deemed approved by the appellee, C. S., 643, and will stand in the Supreme Court as the case on appeal.

2. **Trial C b—Motion that defendant be denied the right to present defense held to be addressed to discretion of trial court in this case.**

Where, in an action in ejectment the trial court orders the defendant to file a bond conditioned for the payment of such sum as the plaintiff might recover as reasonable rent for the property, and continues the case to the next term, the plaintiff's motion at the call of the case at the succeeding term that the defendant not be allowed to present his defense because of his failure to file the bond is in effect a motion that defendant's answer be stricken from the record and judgment by default entered, and is addressed to the discretion of the trial court, and the refusal of such motion is not reviewable on appeal.

3. **Landlord and Tenant D d—In this case held: evidence of termination of lease contract by lessor according to its provisions sufficient for jury.**

Where a lease contract provides that the term of the lease should be for a period of five years subject to termination by the lessor at the expiration of any yearly period upon thirty days written notice, and for cancellation of the contract for condition broken, in an action in ejectment the granting of defendant's' motion as of nonsuit for that there was no allegation or evidence tending to show a breach of condition by the lessee for which the lease could be canceled, is error, there being evidence that the defendant entered into possession under the lease contract and that the plaintiff gave the notice required to terminate the lease at the expiration of a yearly period according to its terms.

APPEAL by plaintiff from *Barnhill, J.,* at June Term, 1930, of CARTERET. Reversed.

This action for the summary ejectment of defendant from land described in a license agreement entered into by and between plaintiff and defendant, and for the recovery of reasonable rent for said land since the expiration of defendant's term under said license agreement, was begun in the court of a justice of the peace of Carteret County on 18 February, 1930.

The action was docketed for trial in the Superior Court of said county on 1 March, 1930, on the appeal of plaintiff from the judgment of the justice of the peace that plaintiff is not entitled to recover therein.

At March Term, 1930, of the Superior Court of Carteret County, which began on 10 March, 1930, on motion of plaintiff, an order was made by Nunn, J., that defendant file a bond in the sum of $500, with sufficient surety to be approved by the court, conditioned for the payment by defendant to plaintiff of such sum as plaintiff might recover in this action as reasonable rent for said land, since the expiration of defendant's term under the license agreement. The action was thereupon continued to the next term of said court. Defendant excepted to said order and gave notice in open court of its appeal therefrom to the Supreme Court. This appeal was not perfected.

At June Term, 1930, when the action was called for trial, plaintiff moved the court to deny the defendant the right to present its defense, and for judgment by default, for the reason that defendant had failed to comply with the order made by Nunn, J., at March Term, 1930. This motion was denied, and plaintiff excepted. It does not appear on the record that defendant had filed the bond required by the order of Nunn, J.

It appeared from the evidence offered by plaintiff at the trial, that on or about 13 September, 1927, plaintiff and defendant entered into the license agreement set out in the case on appeal, which is in writing; that under the terms of this agreement, defendant entered into possession of the land described in the affidavit filed by the plaintiff at the commencement of this action, and has since remained in possession thereof, occupying and using the same for the purposes and on the conditions set out in the license agreement.

This license agreement contains the following provisions:

"(2). Term. This license shall continue for the term of five (5) years from and after 1 September, 1927, but subject to the termination by licensor at the expiration of the first year, or any subsequent yearly period by thirty (30) days prior written notice from the licensor to the licensee."

"(5). Cancellation. Licensor hereby reserves the right at any time to cancel and terminate this license forthwith, in event of the termination or failure of consummation of a certain sales contract now in force, or being negotiated between the parties hereto, or any agreement in continuation thereof, or in substitution therefor; or in case the licensee ceases to store, handle or sell the products of the licensor; or in case the licensee does not conduct the business on the licensed premises with due diligence in the judgment of the licensor; or in the event of the expiration or termination of a certain lease, dated 13 September, 1927, by and between G. J. Brooks, and wife, Onie Brooks, J. R. Duncan and C. R. Wheatley and wife, Osey G. Wheatley, and licensor."

Plaintiff contended that, written notice having been given by it to defendant, thirty days prior to 1 September, 1929, in accordance with the provisions of paragraph 2 of the license agreement, defendant's term as a tenant of plaintiff expired on 1 September, 1929, and that since said date defendant has been in possession of said land, holding the same after its term had expired. C. S., 2365, sec. 1.

At the close of the evidence for the plaintiff, judgment was rendered as follows:

"This cause coming on at this June Term, 1930, to be heard, and being heard before the undersigned judge and a jury, and plaintiff having rested after introducing the license or claimed lease, and notice

claiming termination thereof, but not alleging or offering to prove any default or breach by defendant, on defendant's motion to nonsuit:

It is ordered and adjudged that the action be dismissed as of nonsuit, and plaintiff will pay the costs to be taxed by the clerk."

From this judgment, plaintiff appealed to the Supreme Court.

*Moore & Dunn and W. O. Williams for plaintiff.*
*C. R. Wheatly and J. F. Duncan for defendant.*

CONNOR, J. Defendant's motion to dismiss this appeal, for that no "case on appeal," as prescribed by statute or by the rules of this Court, appears in the record, is denied. The record, certified to this Court by the clerk of the Superior Court of Carteret County, contains a "case on appeal," signed by attorneys for plaintiff appellant, and filed in the office of said clerk on 17 July, 1930. Service of this "case on appeal," was accepted by attorneys for defendant appellee, on 17 July, 1930. The receipt of a copy of said "case on appeal" is acknowledged, in writing, by attorneys for appellee. It does not appear that exceptions or counter-case was filed by said attorneys. The case on appeal, prepared by attorneys for appellant, and served on attorneys for appellee within the time allowed by the judge, is deemed approved by them, in the absence of exceptions or countercase. C. S., 643, *S. v. Palmore,* 189 N. C., 538, 127 S. E., 599; *S. v. Carlton,* 107 N. C., 956, 12 S. E., 44. Where appellant's statement of his case on appeal is sent to this Court, as a part of the transcript of the record, duly certified by the clerk of the Superior Court, and it appears that said statement of case on appeal was duly served on appellee within the time prescribed by statute, or allowed by the judge, and it further appears that no exceptions or countercase was served by the appellee on the appellant, it stands as the case on appeal in this Court. *Booth v. Ratcliffe,* 107 N. C., 6, 12 S. E., 112; *Russell v. Davis,* 99 N. C., 115, 5 S. E., 895.

Plaintiff's motion, made when the action was called for trial at June Term, 1930, that defendant be denied the right to present its defense at said trial, for that defendant had failed to file the bond required by the order made at March Term, 1930, was in effect a motion that defendant's answer be stricken from the record, and that plaintiff recover judgment by default, for want of an answer. No terms were imposed by the court, or accepted by the defendant when the order was made at the March Term. It did not appear that defendant's failure to file the bond was wilful or contemptuous. At best, the motion was addressed to the discretion of the judge presiding at June Term. In no event, was plaintiff entitled to a favorable ruling on its motion as a matter of law. *Finance Co. v. Hendry,* 189 N. C., 549, 127 S. E., 629; *Lumber Co. v. Cottingham,* 173 N. C., 323, 92 S. E., 9; and 168 N. C., 544, 84 S. E.,

864. The ruling of the judge is not reviewable on plaintiff's appeal to this Court. *Power Co. v. Lessem Co.,* 174 N. C., 358, 93 S. E., 836.

It appears from the judgment dismissing the action as of nonsuit, that the learned judge, who presided at the trial, was of opinion that in the absence of allegation and evidence tending to show a default or breach by defendant of some provision in its agreement with plaintiff, with respect to its occupancy and use of the premises described in the license agreement, plaintiff is not entitled to recover in this action. In this, we think, he was in error. This is not an action to cancel the license agreement, under the provisions of paragraph 5. It is plaintiff's contention that defendant's term under said agreement expired on 1 September, 1929, as the result of the notice given pursuant to the provisions of paragraph 2. In accordance with this contention, plaintiff demands judgment for the summary ejectment of defendant from the premises, and for the recovery of reasonable rent since 1 September, 1929. As there was evidence at the trial, tending to show that defendant entered into possession under the license agreement, and that notice as required by paragraph 2 of the agreement was given by plaintiff to defendant, there was error in the judgment dismissing the action as upon nonsuit. Defendant's motion for judgment of nonsuit should have been denied, and the evidence submitted to the jury upon appropriate issues. The judgment is, therefore,

Reversed.