STATE v. J. CLYDE RAY.

(Filed 20 June, 1934.)

1. **Criminal Law L d—Service of objections and exceptions to defendant's statement of case must be made within time to be availing.**

  Where defendant duly serves his statement of case on appeal the service by the solicitor of exceptions and objections thereto after the expiration of ten days renders the service of such exceptions and objections nugatory in the absence of an extension of time or waiver, C. S., 643, and defendant's statement becomes the statement of case on appeal.

2. **Same—Duty of court to find facts where controversy exists as to time for service of exceptions to case on appeal.**

  Where there is a controversy as to whether exceptions to defendant's statement of case on appeal were served within the time fixed or allowed, or service within such time waived, it is the duty of the trial court to find the facts, hear motions and enter appropriate orders.

3. **Embezzlement B c—Admission in evidence of pleadings in civil actions against defendant in prosecution for embezzlement held error.**

  In a prosecution for embezzlement the admission in evidence over defendant's objection of pleadings in civil actions against defendant, involving the funds he is alleged to have embezzled, is erroneous. C. S., 533.

APPEAL by defendant from *Devin, J.,* at December Term, 1933, of ORANGE.

Criminal prosecution tried upon indictment charging the defendant with embezzlement.

Verdict: "Guilty thereof in the manner and form as charged in the bill of indictment."

Judgment: Imprisonment in the State's prison for a term of three years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*L. P. McLendon and S. M. Gattis for defendant.*

STACY, C. J. The trial was held at the December Term, 1933, of Orange Superior Court, which convened 11 December. An appeal was prayed and notice duly given. Within fifteen days thereafter, to wit, on 23 December, the defendant made out and served his statement of case on appeal. On 6 January following, the solicitor prepared and served exceptions or objections to the defendant's statement. This was too late in the absence of any extension or waiver of time. C. S., 643. None appears of record. Hence the defendant's statement became the statement of case on appeal. *S. v. Humphrey,* 186 N. C., 533, 120 S. E., 85; *S. v. Price,* 110 N. C., 599, 15 S. E., 116; *Texas Co. v. Fuel Co.,* 199 N. C., 492, 154 S. E., 829; *Barrus v. R. R.,* 121 N. C., 504, 28 S. E., 187; *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602.

Objections to appellant's statement of case on appeal, not served within the time fixed by statute (10 days after service of appellant's case), by order of court, or by agreement of counsel, may be disregarded as unavailing or nugatory. *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737; *Cummings v. Hoffman,* 113 N. C., 267, 18 S. E., 170.

Of course, where there is a controversy as to whether the exceptions were served within the time fixed or allowed, or service within such time waived, it is the duty of the trial court to find the facts, hear motions and enter appropriate orders thereon. *Smith v. Smith, supra; Holloman v. Holloman,* 172 N. C., 835, 90 S. E., 10; *Barrus v. R. R., supra.* But here, there are no controverted facts. *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

It appears in appellant's statement of case on appeal that certain pleadings in civil actions brought against the defendant, involving the funds he is alleged to have embezzled, were offered in evidence, over objection, as proof of the facts admitted or alleged therein. This was in violation of the statute, C. S., 533, and entitles the defendant to a new trial. *S. v. Dula,* 204 N. C., 535. It is so ordered.

New trial.