JOHN A. WEAVER ET AL. *v.* J. W. HAMPTON ET AL.

(Filed 20 June, 1934.)

1. **Appeal and Error C b—Clerk has no authority to settle case on appeal even though appellant fails to request settlement by judge within required time.**

   While it is provided by statute, C. S., 644, that if appellant delays longer than fifteen days after service of objections and exceptions by appellee to his statement of case on appeal, and there is no agreement for an extension of time, the exceptions filed by appellee shall be allowed, the clerk has no authority to find the fact of such delay, nor to settle the case upon the admission of such fact, it being required that the case on appeal in such instance be settled in an approved manner by agreement of counsel or by the judge.

2. **Appeal and Error E a—"Case on appeal" is not necessary part of record.**

   . The failure to have a "case on appeal" will not ordinarily work a dismissal even in cases requiring it, even if no error appears on the face of the record.

3. **Same—Where necessary parts of record proper are not sent up the appeal will be dismissed.**

   Where nothing but a purported "case on appeal" is sent up, and the entire record proper is omitted, and it does not appear from the transcript that an action was instituted, proceedings had, and an appealable judgment rendered, and that an appeal therefrom was taken, the appeal will be dismissed.

APPEAL by plaintiffs from *Clement, J.,* in Chambers at Jefferson, 20 October, 1933. From ASHE.

Motion to retax costs. Motion allowed in part and overruled in part. Plaintiffs appeal.

*Joseph M. Prevette and George P. Pell for plaintiffs.*
*T. C. Bowie for defendants.*

STACY, C. J. The judgment from which the plaintiffs appeal was signed 20 October, 1933. Plaintiffs were allowed fifteen days within which to make out and serve statement of case on appeal, and defendants given fifteen days thereafter to prepare and file exceptions or countercase. Plaintiffs served their statement 2 November; and defendants filed exceptions thereto 10 November. The clerk certifies that as appellants delayed longer than fifteen days, after service of defendants' exceptions, to request the judge to settle the case on appeal, "in accordance with law, I am making up this case on appeal by inserting defendants' exceptions, however, the second exception of the defendants states that the case on appeal should contain the written motion made by the plaintiffs at the July Term, 1933 . . . I certify that no such written motion was ever filed by the plaintiffs and therefore cannot be included in the case on appeal."

The "case on appeal," therefore, has not been settled in any approved way, either by agreement of counsel or by the judge. *S. v. Ray ante,* 736. We are not aware of the practice which permits the clerk of the Superior Court to settle cases on appeal to this Court, when the parties do not agree. *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602. True, it is provided by C. S., 644 that if the appellant delay longer than fifteen days, after service of appellee's exceptions or countercase, without any agreement as to extension of time, "to request the judge to settle the case on appeal, . . . then the exceptions filed by the respondent shall be allowed, or the countercase served by him shall constitute the case on appeal." But this does not authorize the clerk to find the fact of such delay, nor to settle the case upon admission of such fact. *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737; *Holloman v. Holloman,* 172 N. C., 835, 90 S. E., 10.

Ordinarily, the failure to have a "case on appeal," even in cases requiring it, would not *ipso facto* work a dismissal. *Roberts v. Bus Co.,* 198 N. C., 779, 153 S. E., 398. *Non constat* that there may not be errors on the face of the record proper. *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713. But in the instant case nothing but the purported "case on appeal" has been sent up, and the entire record proper has been omitted. Some of the orders may appear in the purported statement of case on appeal, but "for the Supreme Court to acquire jurisdiction, it must appear in the transcript of the record that an action was instituted, that proceedings were had and a judgment rendered from which an appeal could be taken, and that an appeal was taken from such judgment." *S. v. Stafford,* 203 N. C., 601, 166 S. E., 734; *Spence v. Tapscott,* 92 N. C., 576.

Speaking to the subject in *Walton v. McKesson,* 101 N. C., 428, 7 S. E., 566, *Merrimon, J.,* delivering the opinion of the Court, said:

"The Court ordinarily sees, and has knowledge of its jurisdiction in a particular case, only by and from what appears in the record. It is this, and what thus appears in it, that establishes the jurisdiction of this Court and puts it in efficient relation and connection with the court below, as to the appeal and whatever may be embraced by it."

The appeal will be dismissed on authority of *Payne v. Brown,* 205 N. C., 785; *Duplin Co. v. Teachey,* 204 N. C., 783, 168 S. E., 509; *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358, and *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Appeal dismissed.