DAVID V. PIKE v. S. B. SEYMOUR, JR., AND WALTER L. MIDGETT
and
LINFORD PIERCE v. S. B. SEYMOUR, JR., AND WALTER L. MIDGETT.

(Filed 30 September, 1942.)

**1. Appeal and Error § 10e—**

Where there is a controversy as to whether the case on appeal was served within the time fixed or allowed, or service within such time waived, it is the duty of the trial court to find the facts, hear motions and enter appropriate orders thereon.

**2. Same—**

It is admitted on the record that defendants did not serve case on appeal within the time allowed, but defendants contend an agreed case on appeal was served and accepted by plaintiffs' counsel who filed exceptions to the case on appeal as served, and also filed a motion to strike,

*held* error for the trial court to pass on other matters without first ruling on whether or not plaintiffs' attorneys have waived failure to file case in time by accepting service of an agreed case.

**3. Automobiles § 14—**

It is not necessarily unlawful in all cases to park a vehicle at night on the paved portion of a highway without lights thereon, Michie's Code, 2621 (94), an emergency may arise thereby making it impossible to move such vehicle immediately.

**4. Automobiles §§ 14, 18a, 18c: Negligence § 19—**

In an action for damages due to negligence of defendants, who left their truck parked at night, without lights, on the right-hand side of a concrete highway, with plenty of room to pass on the left, defendants' motion for judgment as of nonsuit should have been sustained, where the evidence showed that plaintiffs, on a joint enterprise, driving their car about 2:00 o'clock a.m., at 40 or 45 miles per hour, lights dimmed so that they could not see ahead over 75 to 100 feet, never applied the brakes and failed to see the truck until after the collision, crashing into the back of the truck with terrific force, plaintiffs being guilty of contributory negligence which was a proximate cause. Michie's Code, 2621 (278) (280).

APPEAL by defendants from *Blackstock, Special Judge,* at January Term, 1942, of PERQUIMANS.

Civil action instituted by David V. Pike to recover damages for personal injuries resulting from an automobile collision, and a civil action instituted by Linford Pierce to recover damages for personal injuries and property damage resulting from the same collision. The actions were consolidated for the purpose of trial on motion of plaintiffs.

Plaintiffs allege that on 14 August, 1941, about 2 o'clock a.m., the defendant, S. B. Seymour, Jr., while driving a Chevrolet truck owned by defendant Walter L. Midgett, on business for said Midgett, on the N. C. Highway leading from Edenton to Hertford, wrongfully, carelessly and negligently parked said truck on the right side of said highway and upon the paved surface thereof; and, wrongfully, carelessly and negligently left the truck parked on the highway without placing lights thereon or without placing any flares about the same. That the plaintiff, David V. Pike, driving a Ford automobile owned by the plaintiff Linford Pierce, and accompanied by the said Pierce, while proceeding on said highway from Edenton to Hertford, on 14 August, 1941, about 2:00 o'clock a.m., ran said Ford automobile into the rear of the aforesaid Chevrolet truck, parked on the highway as set forth above, causing serious personal injuries to plaintiffs and plaintiff Pierce alleges completely demolishing his Ford automobile.

Plaintiff David V. Pike testified: "I recall the early morning of August 14th, 1941, the morning of this wreck. I would say the collision occurred around 2:00 o'clock in the morning. Prior to the collision I

had been to Edenton with Linford Pierce; I was driving Linford's car; he was with me. I drove it around Edenton for some time that night. . . . I had been driving the car most of the night. . . . Driving from Edenton to Hertford, on the particular point in the road where the collision occurred, there is a straight road for a mile and a half back of us, . . . toward Edenton. . . . We were driving 40 or 45 miles an hour. From the time we entered the straight stretch of highway, until the collision, I did not see the tail·light on any car on that road ahead. . . . I had dim lights on the car. My lights lighted up the highway for 75 or 100 feet ahead of the car. When I say dim lights, I mean the lights were shining down on the highway, deflected from the lamps to the road. . . . I was 45 or 50 feet from the truck with which I collided when I first saw it. . . . I had my foot on the pedal but I did not have time to mash it. I did not actually apply the brakes. . . . My brakes were good. . . . When I said that my lights would show an object 75 to 100 feet ahead, I was talking about this night in question. I do not know why I didn't see the truck 75 or 100 feet ahead. All I had to do to put on the bright lights was to push a button on the wheel, it would take just a flick of the finger, but I did not push it. . . . I did not drive with the bright lights on at any time that night. . . . If I had seen the truck 75 or 100 feet ahead, I could have stopped or turned to the left. . . . The car hit the truck with terrific force. . . . It hit the truck so hard that the impact knocked the hood and cowl and the top right back against the front seat practically."

The plaintiff, Linford Pierce, testified: "On the night of August 13th, David Pike and I went off together in the car; we went to Edenton. We left Edenton about 1:30; we had put out the young ladies we had been riding with. Mr. Pike was driving the car. . . . We had bright lights on the car, all we had to do was push a button and turn them on. Neither Mr. Pike nor I pushed the button. With these dim lights we could see an object on the road about 75 or 100 feet ahead. We could not see further than that, no matter how big the object was. . . . Our brakes were good.

"We were traveling about 40 or 45 miles an hour. . . . I was looking straight ahead watching the highway; my head lights were burning. . . . I saw the truck after the wreck. I didn't see it at all before the accident took place. . . . Because the dim lights were showing down underneath the truck and the tires were so much like the highway, I could not see it and Pike could not see it, is what prevented Pike from seeing the truck. . . .

"I had been driving the car about a month. The bright lights would show an object far enough ahead that I could see it on the highway. I guess the bright lights would show an object 200 feet ahead. I don't

know how far they are supposed to show. If the bright lights had been on, we could have seen an object 150 feet away, is just a guess, and we could have stopped before we hit it; I guess he could have done it. No effort was made to turn my car to the left. Half of the concrete highway was open and there was a 10-foot shoulder over on that side; plenty of room to go by on this side without hitting it."

From the verdicts and judgments for the plaintiffs, the defendants appeal and assign error.

*McMullan & McMullan for plaintiff David V. Pike.*
*R. Clarence Dozier for plaintiff Linford Pierce.*
*J. Henry LeRoy for defendants.*

### DEFENDANTS' APPEAL IN THE PIKE CASE.

DENNY, J. Counsel for plaintiff, David V. Pike, filed motion in this Court to affirm the judgment below for the reason that no case on appeal has been settled by agreement of counsel or by order of the court.

It is admitted on the record that the defendants did not serve statement of case on appeal within ninety days from 16 January, 1942, the time allowed by the court for serving said case; however, defendants contend an agreed case was served and accepted by plaintiff's counsel, as set forth in the following language: "Service of the foregoing accepted case on appeal accepted, this April 20, 1942. McMullan & McMullan, attorneys for plaintiff, Pike."

On 19 May, 1942, plaintiff's counsel filed exceptions to the case on appeal as served by defendants' counsel, and also filed a motion to strike said statement of case from the files of said cause and the records of the court, for alleged failure of the defendants to serve the case within the time allowed or to present same for acceptance of service within such time.

The trial court, in passing upon the exceptions of the plaintiff, allowed certain changes in the statement of case on appeal, but found as a fact that said changes were unimportant. The court also found that the statement of the case on appeal constituted a correct statement of all matters transpiring upon the joint trial of the two cases at the January Term, 1942, of the Superior Court of Perquimans County; and further found that the time for serving the case on appeal had expired at the time when service thereon was accepted by plaintiff's attorneys and that the court was without authority to settle a case on appeal in the Pike case.

The defendants, in apt time, excepted to and appealed from the failure of the trial court to rule that David V. Pike, through his attorneys, had accepted service of defendants' statement of case on appeal and had agreed that same constituted the case on appeal.

His Honor did not grant the motion to strike the statement of case on appeal from the files of said cause and the records of the court. Neither did the trial court pass upon the controversy as to whether or not plaintiff's counsel had accepted service of the statement of case on appeal as an agreed case on appeal, thereby waiving the time of service. If plaintiff's counsel accepted service of defendants' statement of case on appeal, and agreed or consented that such statement should constitute the case on appeal, thereby waiving the time of service, the trial court was without authority to settle the case. The record is not clear on this point. By not granting plaintiff's motion to strike the case from the files of said cause and the records of said court, the trial court may have considered that the case had been settled by agreement; for, if the statement of case on appeal was not served within the time provided, or within the time waived, it was the duty of the trial court to have allowed plaintiff's motion.

The rule laid down in *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737: "Where there is a controversy as to whether the case on appeal was served within the time fixed or allowed, or service within such time waived, it is the duty of the trial court to find the facts, hear motions and enter appropriate orders thereon. *Holloman v. Holloman,* 172 N. C., 835, 90 S. E., 10; *Barrus v. R. R.,* 121 N. C., 504, 28 S. E., 187; *Walker v. Scott,* 102 N. C., 487, 9 S. E., 488; *Cummings v. Hoffman,* 113 N. C., 267, 18 S. E., 170."

There was error in the failure of the trial court to find as a fact whether or not the plaintiff's attorneys had accepted service and agreed upon the defendants' statement of case on appeal as constituting the case on appeal, thereby waiving the time of service, and to enter an appropriate order thereon.

Error and remanded.

### DEFENDANTS' APPEAL IN THE PIERCE CASE.

We think the exceptions to the refusal of his Honor to grant defendants' motion for judgment as of nonsuit should be sustained. While it may be unlawful to park a vehicle at night on the paved portion of a highway without lights thereon, it is not necessarily so in all cases. An emergency may arise by reason of some mechanical defect in a motor vehicle thereby making it impossible to move such vehicle from the highway immediately. In the instant case, however, conceding the negligence of the defendants, we think the plaintiff was guilty of contributory negligence and therefore not entitled to recover.

David Pike and this plaintiff were on a joint enterprise. Pike was driving plaintiff's car. The collision took place about two o'clock in the morning. Pike testified he was driving 40 or 45 miles an hour at

the time of the accident. His dim lights were deflected from the lamps to the road and that he was 45 or 50 feet from the truck when he first saw it. That he had his foot on the brake pedal but did not have time to mash it. He did not apply the brakes. The lights lighted up the highway for 75 or 100 feet ahead of the car. He did not know why he did not see the truck 75 or 100 feet ahead. All he had to do to put on the bright lights was to push a button on the wheel, it would just take a flick of the finger, but he did not push it. He did not drive with the bright lights on at any time that night. If he had seen that truck 75 or 100 feet ahead, he could have stopped or turned to the left. The car hit with terrific force. It hit the truck so hard that the impact knocked the hood and the cowl and the top right back against the front seat.

The plaintiff testified he was looking straight ahead watching the highway, but that he never saw the truck until after the wreck. He gives as an explanation for not seeing the truck, the following: "Because the dim lights were showing down underneath the truck and the tires were so much like the highway, I could not see it and Pike could not see it, is what prevented Pike from seeing the truck." He further testified: "I guess the bright lights would show an object 200 feet ahead. If the bright lights had been on, we could have seen an object 150 feet away, is just a guess, and we could have stopped before we hit it; I guess he could have done it. No effort was made to turn my car to the left. Half of the concrete highway was open and there was a 10-foot shoulder over on that side; plenty of room to go by on this side without hitting it."

The Motor Vehicle Law of 1937, now in effect in this State, requires: Every vehicle upon a highway within this State during the period from a half hour after sunset to a half hour before sunrise, to be equipped with head lamps so constructed, arranged and adjusted that . . . they will at all times . . . under normal atmospheric conditions and on a level road, produce a driving light sufficient to render clearly discernible a person two hundred feet ahead. The law permits the dimming of lights on highways sufficiently lighted to reveal a person on the highway at a distance of two hundred feet ahead of the vehicle, and requires the dimming of lights when meeting another vehicle. Public Laws of 1937, ch. 407, as amended by Public Laws of 1939, ch. 275, N. C. Code, 1939 (Michie), sec. 2621 (278), and Public Laws of 1937, ch. 407, as amended by Public Laws of 1939, ch. 351, N. C. Code, 1939 (Michie), sec. 2621 (280).

The evidence of the plaintiff and of the driver of the car clearly shows a violation of the above statutes on the part of the driver of the car, and a failure to see what he could have seen within the range of the dimmed lights. The negligence of the driver of the car was at least one of the proximate or concurring causes of the collision. Therefore, the plaintiff

is not entitled to recover. This view is supported by many decisions of this Court, among them we cite: *Weston v. R. R.*, 194 N. C., 210, 139 S. E., 237; *Stallings v. Transport Co.*, 210 N. C., 201, 185 S. E., 643; *Smith v. Sink*, 211 N. C., 725, 192 S. E., 108; *Lee v. R. R.*, 212 N. C., 340, 193 S. E., 395; *Powers v. Sternberg*, 213 N. C., 41, 195 S. E., 88; *Peoples v. Fulk*, 220 N. C., 635, 18 S. E. (2d), 147; *Dillon v. Winston-Salem*, 221 N. C., 512, 20 S. E. (2d), 845.

In the case of *Powers v. Sternberg, supra*, Stacy, C. J., said: "There are a few physical facts which speak louder than some of the witnesses. The force with which the Bedenbaugh car run into the truck, with its attendant destruction and death, establishes the negligence of the driver of the car as the proximate cause of the injury."

The physical facts and the evidence in this case disclose the failure of the driver of plaintiff's car to exercise reasonable care for his own and plaintiff's safety. *Harrison v. R. R.*, 194 N. C., 656, 140 S. E., 598; *Porter v. Niven*, 221 N. C., 220, 19 S. E. (2d), 864.

The defendants' motion for judgment as of nonsuit should have been allowed. The judgment of the court below is

Reversed.